Sargent v. Hampden.

## SARGENT *versus* INHABITANTS OF HAMPDEN.

An action at law cannot be sustained upon an award of referees, made under
a submission of the parties, in the form prescribed in R. S. c. 138, § 2.

The remedy is only by pursuing the course, specified in the submission itself.

DEBT upon an award of referees, rendered upon a submission made in the form provided in R. S. c. 138, § 2. The referees awarded that the plaintiff should recover $500, damage, with cost.

By a written agreement, the report of the referees was made to *this court*, instead of the *District Court*. The case was dismissed by this court for want of jurisdiction. 29 Maine, 70.

The year, allowed in the submission for returning the award to the District Court, having expired, this action is brought as upon a submission and award at the common law.

*Knowles*, for the plaintiff.

The award is good at common law.

The form of a submission at common law is immaterial. It may as well be that prescribed by statute as any other.

The condition of acceptance may be rejected as surplusage.

But here was a written agreement of the parties, waiving the right which either had of having the award returned to the District Court, and agreeing to have it returned to a court having no jurisdiction. This is equivalent to an agreement not to have the award returned to any court, leaving the plaintiff to his remedy at common law.

This waiver destroys the character of the submission, as a statute submission. The agreement is effective for a certain purpose. One party should not have the sole benefit from it, while the other party suffers. It was never intended by the parties to destroy the award. Should not, then, the plaintiff have the benefit of the situation in which the award is left, by the mutual and *concurrent* acts of the parties?

*Appleton*, for the defendants.

HOWARD, J. — The report of referees, on which this action

is founded, was made to this court, and rejected June term, 1848. *Sargent* v. *Hampden*, 29 Maine, 70.

The facts of that case are facts in this. It was there held that this court had not the power, even by the consent of the parties in writing, to receive and accept an award of referees, made under a submission entered into before a justice of the peace, conformable to the Revised Statutes, chap. 138, sect. 2.

The agreement of submission was duly executed on April 27, 1846, and provided that the report of the referees, " being made within one year from this day, to the District Court for said county of Penobscot, the judgment thereon shall be final." Their report was never made to the District Court, and, of course, no action has been taken upon it in that court, either to " accept, reject, or recommit the same for further considera- tion," or to enter judgment thereon. R. S. chap. 138, sect. 2, 9. After the lapse of one year from the date of the agree- ment, it ceased to be binding upon the parties, and the pro- ceedings under it, not having been matured, or conformable to the statute, became inoperative and void.

The report cannot be treated as an award at common law, without annulling the agreement of the parties, and substitut- ing in its place a new and different contract. As an award at common law, it would not be subject to the supervision of the District Court ; nor could the parties avail themselves of the right to object to its acceptance for any cause, or to ex- cept to the directions of that court, respecting it. All these were positive rights, secured to the parties under their contract of submission, which the law must regard and protect. *The Inhabitants of Deerfield* v. *Pliny Arms*, 20 Pick. 480.

*Plaintiff nonsuit.*