JOHN GALLOWAY v. JOHN T. GIBSON.

*Arbitration and award.*

An arbitration which does not conform to statutory requirements may nevertheless be good at common law ; and a common-law action will lie to enforce it if it fairly disposes of matters in dispute and leaves nothing open to controversy.

Parties to an amicable settlement may be presumed to intend what they carry out ; and if it is lawful and practicable a mere mistake as to statutory requisites should not prevent its enforcement in some suitable proceeding.

Error to Wayne.   (Full Court.)   June 13.—June 22.

ASSUMPSIT.   Plaintiff brings error.   Reversed.

*Stewart & Galloway,* for appellant, cited in support of the right to recover on the award, as one good at common law, *Burnside v. Whitney* 21 N. Y. 148 ; *Diedrick v. Richley* 2 Hill 271 ; *Wells v. Lain* 15 Wend. 99 ; *Cope v. Gilbert* 4 Den. 347 ; *French v. New* 20 Barb. 481 ; *Day v. Hooper* 51 Me. 178 ; *Hamilton v. Hamilton* 27 Ill. 159 ; *Low v. Nolte* 15 Ill. 368 ; *Weinz v. Dopler* 17 Ill. 111 ; *Eisenmeyer v. Sauter* 77 Ill. 515 ; all intendments and reasonable presumptions will be made in favor of an award of arbitrators: *Bush v. Davis* 34 Mich. 190 ; *Smith v. Milnor* 1 N. J. L. 16 ; *Karthaus v. Ferrer* 1 Pet. 222 ; *Haywood v. Harmon* 17 Ill. 477 ; *Strong v. Strong* 9 Cush. 560 ; *Ott v. Schroeppel* 5 N. Y. 482 ; *Kendrick v. Tarbell* 26 Vt. 416 ; *Armstrong v. Armstrongs* 1 Leigh 491 ; *Dolph v. Clemens* 4 Wis. 181 ; *Green v. Franklin* 1 Tex. 497 ; *Carter v. Sams* 4 Dev. & B. [N. C.] L. 182 ; *Kimble v. Saunders* 10 S. & R. 193 ; *Roloson v. Carson* 8 Md. 208 ; *Fryeburg Canal v. Frye* 5 Greenl. 38.

*Alex. D. Fowler* for appellee.   A submission and award cannot be sued on as at common law, if they were made under a statute and were invalid: *Deerfield v. Arms* 20 Pick. 480 ; *Clement v. Comstock* 2 Mich. 361 ; *Allen v.*

*Chase* 3 Wis. 249; *Estep v. Larsh* 16 Ind. 82; *Williams v. Walton* 9 Cal. 142; *Sargent v. Hampden* 32 Me. 78; *Benjamin v. Benjamin* 5 W. & S. 563.

CAMPBELL, J.   Galloway, as assignee of Margaret Burrowes, brought suit before a justice, on an award, and recovered judgment, which was reversed ȯn certiorari.   He now brings error to review this reversal.  Although several formal matters were alleged in the affidavit for certiorari, the only question of real substance was whether the arbitration was a good common-law arbitration ȯn which suit could be brought.

The form of the arbitration proceedings came before this court in *Gibson v. Burrows* 41 Mich. 713.   We were then compelled to hold that in the absence of certain statutory requisites it could not be treated as a good statutory arbitration so as to warrant the statutory judgment.   It is now claimed that it cannot be treated as a common-law arbitration because the parties intended to make it statutory.

This is not a very manifest deduction.   It might be a sufficient answer to it to say that in law parties may fairly be supposed to intend to do the very thing which they execute; and if they mistake the law, and are disappointed under that mistake, they should not be prevented from carrying out their agreement, if lawful and practicable, in some other way.

The case before us presents an agreement for the settlement of a controversy by the unaided judgment of arbitrators in a very judicious manner, and the arbitrators fully carried it out and gave their award in dollars and cents. Nothing else remained to be done except to enforce it, if not paid.   We cannot see that after this settlement, which left nothing whatever open to controversy, the mere question whether judgment should be entered by one process or by another process should interfere to hinder the completion of this settlement.   All that the parties desired on the merits has been accomplished.   To hold that they should now be compelled to litigate over again before the courts what they

.desired to avoid litigating, would be to trifle with the sub-stantial interests of parties, and to discourage amicable set-tlements which the law ought to favor.

The circuit court erred in reversing the judgment, and the justice's judgment must be affirmed and the circuit judgment reversed, with costs of all the courts.

The other Justices concurred.