EARL A. HOLDRIDGE *vs.* IDA C. STOWELL.

November 12, 1888.

**Arbitration—Validity of Submission.**—Where parties to a controversy execute an agreement to submit it to arbitration and it is clear that it was intended to be a statutory arbitration, but it is not valid as such, by reason of failing to comply with some essential requirements of the statute, it cannot have effect as a common-law submission.

**Same—Requisites of Statutory Submission.**—It is essential to a statutory submission to arbitration that the agreement shall name all the arbitrators.

Appeal by Ida C. Stowell from an order of the district court for Ramsey county, *Brill,* J., presiding, setting aside an award.

*John D. O'Brien,* for appellant.

*Davis, Kellogg & Severance,* for respondent.

GILFILLAN, C. J. The parties entered into an agreement in writing to submit a certain matter in difference between them to the arbitrament of two persons named, and such other person as might be chosen by those two. The agreement was in the form, (except as to the two arbitrators named choosing a third,) and was acknowledged in the manner, prescribed by statute. Gen. St. 1878, *c.* 89. The arbitrators had a hearing, and an award was signed by two, (one of those named in the agreement of submission not signing,) and filed with the clerk of the district court. All there is to show the selection of a third arbitrator is this award, signed by only one of the arbitrators. Holdridge, against whom the award was, moved the district court to vacate and set it aside on various grounds, among them, that it is invalid for the reason that the arbitrators were not chosen

by the parties to the proceeding; and on this ground the district court made an order vacating it.

It is conceded that the agreement was not good as a statutory arbitration, for the reason that the arbitrators are not all named in it. See, also, *Franklin Mining Co.* v. *Pratt,* 101 Mass. 359. There is also no doubt that the district court, on the papers being filed, could determine that it was not good as a statutory arbitration, and therefore gave the arbitrators no jurisdiction to proceed upon it. *Barney* v. *Flower,* 27 Minn. 403, (7 N. W. Rep. 823.) Nor can there be any doubt that if not in conformity to the statute, so as to give the arbitrators jurisdiction, the court could reject the award, or, what would amount to the same thing, strike it from the files or set it aside. Strictly, the court could not (except in an ordinary action on the award, or one in which it is interposed as a defence) go further than to decide that the submission and award are not good under the statute. The district court has, however, apparently gone further than this, and decided that it is not good for any purpose, either under the statute or at common law. If the order that the award be "vacated" is to be taken in the sense of annulling it, so that it shall be of no effect whatever, then the court decided that it ought not to stand as an award on a common-law submission. As appears from the order and the memorandum filed by the court, such was the sense in which the court used the word; and the parties have accepted and acted on this as its meaning, for most of the argument here, both printed and oral, was devoted to the question whether, being invalid under the statute, the award may still be good as an award upon a submission at common law. We will therefore decide that question.

There is no question that the parties intended this to be an arbitration under the statute, and to be governed by all its provisions. Upon the question whether, when the parties intend and attempt to make an arbitration under the statute, and fail by not complying with all its essential provisions, it may be treated as a submission at common law, the authorities are at variance; there not being a considerable preponderance either way. The reasons in favor of the proposition are stated in *Galloway* v. *Gibson,* 51 Mich. 135, (16 N. W. Rep. 310,) as well, perhaps, as in any case: "In law parties may

fairly be supposed to intend to do the very thing which they execute; and if they mistake the law, and are disappointed under that mistake, they should not be prevented from carrying out their agreement, if lawful and practicable, in some other way." The court then goes on to say that the mere question whether judgment should be entered by one process or another ought not to interfere to hinder the completion of the settlement. And on the other side the reason is stated in *Sargent* v. *Inhabitants of Hampden*, 32 Me. 78: "The report cannot be treated as an award at common law, without annulling the agreement of the parties, and substituting in its place a new and different contract." The cases which follow the rule adopted in 51 Mich. 135, (16 N. W. Rep. 310,) can be sustained only on the theory that, upon a submission to arbitration, the intention and agreement to submit are alone material, and that the mode selected by the parties is not material. Common-law arbitrations not being abolished by the statute, of course the parties may agree on either mode. The differences between the two modes, and the incidents attending them, are so great that, when they have agreed on one, it can hardly be said that, provided the arbitrator makes an award, it is indifferent to the parties whether one or the other has been followed. We will mention some of these differences. At common law either party may revoke the submission. The arbitrators need not be sworn. Witnesses before them need not be sworn, unless the agreement to submit so require. The arbitrators must hear the parties in the presence of each other. When the award is made, the authority of the arbitrators is terminated, and the only way to enforce the award is in an ordinary action, subsequently brought. Under the statute, neither party can revoke without the consent of the other. The arbitrators are required to be sworn, as are also the witnesses. Notice being given, the arbitrators may hear one party in the absence of the other. From the time of filing the award the proceeding is pending in and under the supervision and control of the court, which may vacate the award in certain cases, and in others modify or correct it, and, as the statute seems to contemplate, may recommit it to the arbitrators; and the court enters judgment on the award, and the judgment will then stand as though entered in an ordinary action.

The right secured to the parties to have these requirements of the statute complied with, and to have the results which it attaches to the submission, is important. It may have been the sole induce-ment which led to the submission, rather than have the controversy left to an ordinary action. Where it is clear that the parties in-tended and supposed they were making a submission securing it, to hold them to a mode of submission which does not secure it would surely be to annul the contract they have intended to make, and sub-stitute in its place a new and different one. The decision that the award cannot stand for any purpose was correct.

Order affirmed.