ERIE TELEGRAPH & TELEPHONE CO. *v.* BENT.

*(Circuit Court, D. Massachusetts. May 21, 1889.)*

ARBITRATION AND AWARD—ACTION ON AWARD—STATUTORY SUBMISSION.
    No action at common law can be maintained on an award of arbitrators rendered under a statutory submission which does not comply with the statute.

At Law. Action on award.
*B. F. Butler*, for plaintiff.
*G. F. Richardson* and *H. R. Bailey*, for defendant.

COLT, J. This is a suit at law, brought to enforce an alleged award in favor of the plaintiff against the defendant for the amount of certain fees and costs paid by the plaintiff. The case was heard by the court, jury trial having been waived. The underlying question to be determined is whether an award rendered under a statutory submission can be enforced at common law in a case where the statutory award has been rejected by the court as not being in conformity with law. On December 31, 1885, the parties to this suit entered into an agreement to submit their demands to arbitration. It is clear from the record that this was a statutory submission. The attorney for the plaintiff corporation was authorized by the board of directors to execute a statute reference, and the agreement was for a statutory submission. This is further shown by the supplemental agreement of June 4, 1886, which extended the time six months "within which the report of the arbitrators within named is to be filed in the superior court for the county of Middlesex." The whole form of proceeding shows that a statutory submission was intended by the parties, and we do not understand that this position is seriously controverted by the plaintiff. The supreme court of the state rejected the award on the ground that it was not returned to the superior court within the time specified in the submission, and that the extension, though signed by the parties in writing, was invalid because not acknowledged before a justice of the peace. Under these circumstances it was held that the superior court had no jurisdiction to accept the award. *Bent* v. *Telegraph Co.*, 144 Mass. 165, 10 N. E. Rep. 778.

If the plaintiff in this action can recover it must be on the ground that an action at common law can be maintained upon an award made in pursuance of a statutory submission, even though the submission is inop-

crative by reason of a non-compliance with the statutory requirements. This question has been settled in Massachusetts in the case of *Deerfield* v. *Arms*, 20 Pick. 480, where it was held that no action at common law could be maintained upon a statutory submission which was ineffectual under the statute.   The ground of the decision in that case was that an agreement for submission at common law was different from an agreement for submission under the statute, and that you cannot substitute one for the other without changing the contract which was entered into by the parties.   The reasoning of the court in *Deerfield* v. *Arms* seems to me to be sound, and I think that decision should be followed by this court.   See, also, *Sargent* v. *Hampden*, 32 Me. 78.   Under the agreement of submission in the present case the arbitrators awarded that this defendant pay the costs and expenses of the submission, but, the award having been rejected by the supreme court of Massachusetts, I do not see how under the law any part of the award can be enforced in this court in any form of action.   It follows that judgment should be entered for the defendant, and it is so ordered.   Judgment for defendant.