## UNTERRAINER V. SEELIG.

1. Where the common law relating to arbitration was in force, and a claim
   against an estate was submitted to arbitration by agreement, and it was
   stipulated that judgment should be rendered in the circuit court on the
   award made, such stipulation did not invalidate the submission, but
   may be treated as surplussage, and the award was valid.

2. An objection to the introduction in evidence of the submission of a claim
   against an estate to arbitration, and the award thereon, because the ad-
   ministrator was not authorized by the probate court to submit to an
   award, was improperly sustained, since such administrator had the
   right at common law to submit to arbitration any controversy between
   himself and creditors of the estate, and such right was not excluded by
   Comp Laws, § 5805, providing for a reference of claims against estates

on agreement in writing, to be approved by the judge of the county court.

3. Where an award of arbitrators on a claim against an estate appointed by agreement of the claimant and the administrator, stated clearly the amount determined to be due on such claim, such award was not invalidated, as to such matters properly submitted, by the inclusion therein of matters not submitted, since such portion of the award may be rejected.

(Opinion filed April 3, 1900.)

Appeal from circuit court, Lawrence county. Hon. JOSEPH B. MOORE, Judge.

Action by Joseph Unterrainer, administrator of the estate of John Lang, deceased, against Michael Seelig. From a judgment in favor of plaintiff, defendant appeals. Reversed.

*G. C. Moody* and *Davis & Davis,* for appellant.

The right of administrators to submit matters in dispute between the estate and other parties to arbitration is not taken away by a statute providing for the compromise of a claim with the approval of the Probate Court. N. Y. Lumber & Wood Working Co. v. Schneider, 24 N. E. 4.

When an award is made in regular course of proceedings at common law as well as under statutory provisions, it is as conclusive as a judgment of a court, and can only be successfully attacked by being impeached for fraud or mistake, and can only be defended against by alleging and proving performance. Coleman v. Wade, 6 N. Y. 44; Boyden v. Lamb, 25 N. E. 609; Witz v. Tregallas, 33 A. 719; Fudicker v. Ins. Co., 62 N. Y. 392; Hoffman v. Delsraff, 109 N. Y. 638; Sweet v. Morrison, 116 N. Y. 19; Henry v. Hilliard, 278 E. 130; 2 Am. & Eng. Enc. Law 794.

150 ÜNTERRAINER *v.* SEELIG.

An award good in part, not in whole, is divisible. Doke v. James, 4 N. Y. 567; Brazil v. Isham, 12 N. Y. 9; 1 Am. & Eng. Enc. Law 710; Harrington v. Brown, 9 Allen 579.

The award made by the arbitrators in this case, as plead by the defendant and as offered to be proven, was a complete bar to the original cause of action; as complete as would have been a former recovery and judgment. Coleman v. Wade, 6 Y. 44; Bean v. Farnum, 6. Pick. 268; Chadbourn v. Chadbourn, 9 Allen 173.

No previous authorization of the probate court was necessary to make the arbitration and award legal and binding. Wood v. Tonnicliff, 74 N. Y. 38; Bean v. Farnum, 6 Pick 268; Jeffries v. Ins. Co., 110 U. S. 305.

*Frawley & Laffey,* for respondent.

If a submission to an award has been entered into under a mutual mistake of law or fact or by reason of fraud or undue influence, it can be avoided and a direct attack to set the same aside is not necessary. Plaintiff may sue upon his original demand, notwithstanding the submission and award, and when the award is interposed as a defense, plaintiff can impeach the same for fraud or mistake. Canfield v. Watertown Ins. Co., 55 Wis. 424; Feason v. Drew, 19 Wis. 225; Douglass v. Todd, 96 Cal. 655; State v. Paup, 56 Am. Dec. 303; Karnegay v. Everett, 5 S. E. 418; Williams v. Walton, 9 Cal. 143; Holdredge v. Stowell. 40 N. W. 259; Deerfield v. Arms, 20 Pick. 480; Hepburn v. Jones, 4 Colo. 98.

CORSON, J. This is an action by the plaintiff, as administrator of the estate of John Lang, deceased, to recover from the defendant $2,300, upon what is claimed to be an account

stated between the deceased, John Lang, before his death, and the defendant. Verdict and judgment in favor of the plaintiff, and the defendant appeals.

The defendant in his answer sets up as a defense that on the 28th day of May, 1896, one Ernest May was administrator of the said estate, and that said May, as said administrator, and the defendant herein, being desirous of settling their mutual accounts, entered into a contract or obligation to submit all matters in controversy between the estate and the said defendant to arbitration, and that thereupon three arbitrators were selected by the parties, who, after a full hearing of the matters and differences between them, made an award in writing by which there was found to be due the estate the sum of $397.65, and which submission and award have never been revoked or canceled. On the trial of the action the defendant sought to introduce in evidence the said submission and award, which were objected to on the following grounds: (1) There is no foundation laid for their introduction, in that there is no authorization by the probate court of Lawrence county to the administrator to submit to an award shown; (2) because it appears upon the face of the submission itself that it was entered into under a mutual mistake of law by the parties thereto; (3) because it appears upon the face of the submission that it was entered into by the parties under a mutual mistake of fact; (4) because it appears upon the face of the award itself that it does not follow the submission, and that the arbitrators have attempted to arbitrate upon matters and things not submitted to them for their consideration. The objections were sustained, and the submission and award excluded, to which ruling the defendant excepted.

It is contended on the part of the respondent, in support of the ruling of the trial court, that in the submission to arbitrators it was mutually agreed by and between the parties thereto that judgment in the circuit court of Lawrence county should be rendered upon the award to be made pursuant to the submission, and that such a stipulation in a common law arbitration renders the submisson to arbitration invalid, and that such a stipulation affords conclusive evidence that the parties entered into the same under a mistake of law. It is conceded by counsel for the respective parties that in this state there is no statute authorizing parties to submit matters of difference between them to arbitration, and hence the common law is in force relating to such submissions. At common law, parties are authorized to submit their matters of difference to arbitration, but no judgment can be directly entered upon such an award, the only remedy being by action upon the same. It is therefore insisted by respondent that the parties, by this stipulation and submission to award, clearly indicated that they entered into the submission under a mistake of law, which relieves them from the binding force and effect of the submission and the award made thereunder. But we are unable to agree with counsel in their contention. It is true that they are sustained to a certain extent by Holdridge v. Stowell, 39 Minn., 360, 40 N. W. 259. It was held by the supreme court of Minnesota in that case: ''Where parties to a controversy execute an agreement to submit it to arbitration, and it is clear that it is intended to be a statutory arbitration, but it is not valid as such, by reason of failing to comply with some essential requirement of the statute, it cannot have effect as a common-law submission." It would

seem from the opinion in that case that there was a statute in that state authorizing parties to submit matters of difference to arbitrators, and that the award of such arbitrators be filed in, and become a judgment of, the court. The only defect appearing in the submission in that case was the failure to name the three arbitrators, which, it seems, are required to be named in the submission. The court therefore took the view that it was the intention of the parties to make a statutory submission, and that the failure to name all the arbitrators rendered it invalid. The supreme court of Michigan, however, takes a contrary view, and holds that a submission to arbitration which does not conform to statutory requirements may nevertheless be good at common law In that case the court says: ''The case before us presents an agreement for the settlement of a controversy by the unaided judgment of arbitrators in a very judicious manner, and the arbitrators fully carried it out, and gave their award in dollars and cents. Nothing else remained to be done, except to enforce it if not paid. We cannot see that after this settlement, which left nothing whatever open to controversy, the mere question whether judgment should be entered by one process or by another process should interfere to hinder the completion of this settlement. All that the parties desired on the merits has been accomplished. To hold that they should now be compelled to litigate over again before the courts what they desired to avoid litigating would be to trifle with the substantial interests of parties, and to discourage amicable settlements, which the law ought to favor.'' Galloway v. Gibson, 51 Mich. 135, 16 N. W. 310. This view has our approval. We are of the opinion that the parties in this case intended to submit the matters in controversy, to arbi-

tration, and that the manner in which the judgment might be enforced—whether by one process or another—was not taken into serious consideration by them. Taking this view of the stipulation in the submission, we think it may be treated as surplusage, and the submission to award held as a common-law submission, and the award valid and binding upon the parties.

The objection that the administrator was not authorized by the probate court to submit to an award cannot be sustained. The administrator has at common law the right to submit any controversies between himself and creditors or debtors of the estate to arbitration. Wood v. Tunnicliff, 74 N. Y. 38; Crum v. Moore's Adm'r, 14 N. J. Eq. 436. In the former case the court of appeals of New York, in a very able and exhaustive opinion, held that at common law the administrator or executor has a right to refer any matter of controversy between himself and the creditors or debtors of the estate to arbitration. From the opinion it appears that in the state of New York, as well as in this state, claims against the estate may, under the approval of the probate court, be submitted to a referee. Sec tion 5805, Comp. Laws. In that case the court says: "If it was the intention of the legislature to deprive the executor or administrator of the power to arbitrate claims against the estate, no reason is apparent why the power in respect to claims in favor of the estate should not, also, have been abrogated. The statute has not, we think, in either case, changed the common law. It provides a certain mode of adjusting a certain class of claims, without the formal proceeding of an action, and leaves it to the option of the parties whether they will avail themselves of its provisions, and was not, we think,

intended to restrict or exclude the common-law right of arbitration."

The last objection, that the award was inadmissible because it appears upon its face that it does not follow the submission is not tenable. The arbitrators have clearly determined by their award the amount due from the defendant to the estate, and, if they have attempted to determine matters not properly submitted to them, that portion of the award may be rejected. But the fact that they have so included matters in their award not submitted to them does not render the award invalid as to the matters properly submitted. Doke v. James, 4 N. Y. 568; 1 Am. & Eng. Enc. Law (1st Ed.) 710. It necessarily follows, therefore, that the court erred in excluding the submission to award and the award. The judgment of the circuit court is reversed, and a new trial ordered.