HENRY McHENRY, Plaintiff in Error, *v.* ELIZABETH YOKUM, and JESSE YOKUM, Administrators of Mathias Yokum, deceased, Defendants in Error.

### ERROR TO MENARD.

A note was given for a piece of land which the payee conveyed by a warranty deed. Subsequently a right of dower was recovered against the land. *Held,* that in an action upon the note, the value of this dower right could be set off as a partial failure of consideration.

McHenry *v.* Yokum *et al.*, Adm'rs, etc.

The tables showing the probabilities of life, by which the value of dower rights can be computed, are recognized by the courts as the proper means of proving such value.

PLAINTIFF filed his note, payable to himself, signed by Mathias Yokum, for $1,485.40, with ten per cent. per annum from July 1st, 1854, in the court of probate in and for the county of Menard and State of Illinois, for adjustment, with a credit thereon, June 5, 1855, of $900. The defendants, as administrators, plead a set off in this: That said note was given for and in consideration for certain land deeded by plaintiff to Mathias Yokum, with full covenants; and that one Mrs. Penny had claimed and sustained her right of dower in and to the lands aforesaid, and her right of dower had, by order of the said court, been assigned, to the damage of said Mathias Yokum, in his lifetime, and to the administrators, etc., the full amount of said note. Thereupon the plaintiff demurred to said plea, and the probate court sustained the plaintiff's demurrer, and the defendants, refusing to answer over, the court rendered judgment for plaintiff, for $1,053.20, from which judgment the defendants prayed an appeal to the Circuit Court.

A jury was waived, and trial by the court. Plaintiff introduced the note, and proved its execution. "One day after date, I promise to pay Henry McHenry or order, fourteen hundred and eighty-five dollars and forty cents, with ten per cent. interest from date until paid, this the first day of July, 1854. (Signed) Mathias Yokum." On the back of the note was the following indorsement: "June 5th, 1855, received $900 on the within note." And the plaintiff proved that the defendants were the administrators of Mathias Yokum, the maker of said note. As to the above facts there was no controversy or objection.

The defendants then proposed to introduce the said deed as evidence, to which the plaintiff objected. Objection overruled, and plaintiff excepted. The defendants then proved the note to have been given for the purchase money for the land mentioned in said deed; and that one Mrs. Penny, widow, seventy years old, had claimed, and by order of court, had dower assigned in the lands in said deed described, and that said dower was worth $350, and that the annual rent of said dower was worth $120. To all the evidence introduced by the defendants, the plaintiff objected; objection overruled, and plaintiff excepted. The court then computed the annual rent of dower from the assignment thereof up to the trial of this cause, at $120 per annum, and the value of said dower at $350, and allowed the same as an offset against said note.

To which the plaintiff objected; objection overruled, and plaintiff excepted.

.HERNDON & COWAN, for Plaintiff in Error.

LYMAN LACEY, for Defendants in Error.

CATON, C. J. . This note was given for a piece of land which the plaintiff in error conveyed to the maker of the note by a full warranty deed, and it turns out that Mrs. Penny had a dower interest in the premises. Mrs. Penny was seventy years of age. The annual value of the dower was one hundred and twenty dollars, and the whole value of the dower was computed at three hundred and fifty dollars. And to this extent the defendant insisted the consideration of the note had failed; and we confess ourselves entirely unable to appreciate any reason why it is not so. He did not get all that he gave his note for, and to the value of that for which he gave the note and did not get, has the consideration failed. Had he got no title at all, then the whole consideration of the note had failed, and he was not bound to pay the notes and then rely upon his covenant of warranty to indemnify himself. This we have often decided, and the same principle has been applied where the consideration has partially failed.

But the plaintiff thinks it impossible to compute the exact value of this dower interest, so as to determine the extent to which the consideration has failed. The proof clearly shows what was the annual value of the dower and the age of the doweress. From this it is as easy to compute the cash value of the dower, as it is the interest on a note of hand, from tables which have been formed with great care, from well established facts, and these tables are recognized and acted upon by all courts, at least in this country and in England, whenever occasion requires.

We have no doubt the decision of the court was correct, and its judgment must be affirmed.

*Judgment affirmed.*