## T. W. STEEL, Respondent, *v.* JOHN STEEL, Appellant.

Our statutory proceedings in cases of arbitration are in derogation of the common law, and must be strictly pursued.

Whenever a statute prescribes certain specific acts to be done as prerequisite to the acquiring of jurisdiction, or the enforcement of a legal remedy, such acts must be substantially performed in the manner prescribed, in order to give validity to the proceeding.

The filing of the submission, and the entry of the same in the Clerk's register, in cases of arbitration, answer the purposes of the complaint and answer in ordinary actions, and like them must be filed before a hearing, trial, or judgment.

At common law, scarcely any matter short of a want of power or jurisdiction appearing upon the face of an award, is subject to question or inquiry, and every reasonable intendment should be made to uphold it. But in statutory awards no such liberal interpretation can be invoked to its aid. Its validity must be determined by the provisions of the statute authorizing it.

APPEAL from the First Judicial District of the Territory of Nevada, Story County, Hon. J. W. NORTH, presiding.

The facts in this case appear in the opinion of the Court.

*Robinson & Foster*, Counsel for Appellant.

No brief on file.

*Clark Churchill*, Attorney for Respondent.

The transcript of the appellant does not purport to contain the entries which were made by the Clerk of the District Court in his register of actions. I think it devolves upon the appellant to exhibit these entries to the Court before he can ask the Court to pass upon their sufficiency, or upon the question whether they are the entries required by law. Such a case is analogous to one where the Court is required to pass upon the sufficiency of evidence to support a verdict, which will not be done unless the statement purports to contain all of the evidence. (*Dawley* v. *Hovious*, 23 Cal. 103.)

No notice of exception to the award was ever served, except the notice found on page eleven of, the transcript. That purports to be a notice of revocation.

When made an order of Court, the submission shall not be revoked without the consent of both parties. When not made an order of Court, it may be revoked at any time before the award is made. (Statutes 1861, p. 372, sec. 331.)

Whether all the entries required by statute to be made by the Clerk in his register of actions had actually been made at the time the notice was served, is quite immaterial, because if they had been made the submission could not, under this statute, have been revoked without the consent of both parties; and if these entries had not been made at the time said notice was served, and the submission was not then to be considered an order of Court, the award had been *made*, and the submission could not have been revoked without the consent of both parties.

But all of the entries required by statute were made, as far as the respondent is concerned, on the 11th day of July, five days before said notice was served. At least the respondent

instructed the Clerk to make all of said entries on said day, and he is therefore guilty of no *laches* in the matter.

At the time the award was entered in the judgment book there was a submission duly executed by and between the said parties, on file in said Clerk's office; and there is nothing in either the submission or statute which requires the instrument of submission to be filed before the award is made; and the submission may be made an order of Court as well after as before the award is made. (Statutes 1861, sec. 331; ex parte *Vasquer*, 5 Cow. 29; *Knight* v. *Carey*, 1 Id. 39; note " A " to ex parte *McKinney*, 5 Id. 425.)

The statute of this State in reference to arbitrations is a reaffirmance of the common law, and the Court should lean to such a construction as will support the award. (*Peachey* v. *Richie*, 4 Cal. 207; *Parsons* v. *Norman*, 2 Cal. 60.)

Under a general submission, when no mention is made of the costs of the arbitration; the arbitrators notwithstanding may award costs. (14 Johnson's R. 161; 2 Cowen, 651; 22 Wend. 128.)

The only grounds upon which an award can be vacated are prescribed by section 335 of our Civil Practice Act (Statutes 1861, p. 372). This section is a literal copy of section 386 of the Civil Practice Act of California (*Carsly* v. *Lindsay*, 14 Cal. 394), and there is nothing in the transcript which shows that the appellant relies upon any one of the grounds prescribed in said section.

If appellant's assignments of error are correct, *i. e.*, if this cause was never submitted to arbitrators, and if the proper entries were not made by the Clerk of the District Court, then the whole proceeding was *coram non judice* and void, and no appeal lies to this Court. (*People* v. *Judge of Suffolk*, 24 Wend. R. 251.)

Opinion by BROSNAN, J., full Bench concurring.

This is an appeal from a judgment of the District Court of the First Judicial District, entered upon an award in favor of the respondent.

The transcript discloses the following facts:

On the 15th day of June, 1864, a copy, as stated, of the submission was filed in the office of the said District Court.

This document was executed by Thomas W. Steel, but not by John Steel; and among other matters provides that the submission be made and entered as an order of the said District Court.

On the 8th day of July, 1864, the arbitrators filed their award with the Clerk. On the 11th day of July, three days after filing the award, the respondent filed in the office of said Clerk a submission of the same date and tenor as the document filed on the 15th day of June, and then instructed the Clerk to make all the entries required by the statute "in order" (as the record states) "that said submission may become an order of Court."

As appears from the record before the Court, which, as certified by the Clerk, contains a full, true and correct transcript of all the proceedings had in the case, the only entry in the Clerk's register is the following:

"Submission made on the 14th day of June, 1864. Said arbitrators to make the award on or before ten days from the time when the testimony on behalf of both parties is closed, and the matters in difference fully submitted to them."

This entry was made on the 16th day of July, 1864, eight days after the award was filed. On the 22d day of July, judgment was entered by order of the Court below.

The respondent's counsel moved to dismiss the case, on the ground that no motion was made before the entry of judgment, to vacate or correct the award, as provided by law. (Vide laws of 1861, pp. 372, 483, sections 335, 336 and 337.)

If this judgment has been rendered in conformity to the requirements of the statute, and is valid, the counsel is correct and the appeal is clearly unauthorized.

This is not denied by appellant's counsel; but he contends that the judgment is bad for several reasons, and particularly because the entries required by law were not made.

The determination of this point brings us directly to a review of the requirements of the statute, and of the acts necessary to be performed under it.

It may be proper to state here that the course of proceed-

Steel *v.* Steel.

ings prescribed by the statute, is in derogation of the common law, and must be strictly followed. Whenever a statute prescribes certain specific acts to be done as pre-requisites to the acquiring of jurisdiction or the enforcement of a legal remedy, such acts must be substantially performed in the manner prescribed, in order to give validity to the proceeding. In the case at bar, the statute required the submission to be filed with the Clerk, etc. "The Clerk shall thereupon" (that is, upon the filing) "enter on his register of actions, a note of the submission, with the names of the parties, the names of the arbitrators, the date of submission, when filed, and the time limited by the submission, if any, within which the award shall be made." Upon the filing of the award also, a note thereof shall be made in the register. So far as we are judicially informed by this transcript, nearly all of these acts were omitted. This is a special, not the ordinary mode for recovery of a judgment; the requirements of the statute authorizing it are not idle, useless formulæ; they are mandates of law not to be disregarded, and must be substantially complied with. It was not seriously claimed on the argument, by the learned counsel of the respondent, that the paper filed on the 15th of June was a good submission, owing to the want of execution by one of the parties. And it appears from the statement in the case, that no reliance was placed upon it, because when the submission, executed by both parties, was filed, on the 11th day of July, after the award had been filed, the Clerk was instructed to make all the requisite entries "in order (as stated) that said submission may become an order of Court;" thus virtually conceding the invalidity of the submission filed June 15, 1864. How else could it be? Had the case rested upon that first defective submission, and the record showed a judgment against the appellant, having only for a predicate a submission not executed by him, certainly no person could reasonably contend that such a judgment would be valid. But the respondent's counsel insists that the submission may be filed at any time after filing the award, though no entry or note be previously made by the Clerk in his register of actions; and, therefore, that the filing the submission on the 11th day of July cured all antecedent errors and defects.

Steel *v.* Steel.

This, we think, is incorrect. But even were it conceded, it would not avail the respondent's case, for the reason that the necessary note of submission had not been then entered; and for the further reason that when entered, namely, on the 16th day of July, eight days after filing the award, and five days after filing the last submission, it does not comply with the demands of the statute. In short, the filing of the submission and the entry of the prescribed note in this class of cases are the equivalents, and subserve the use of the complaint and answer in an ordinary action, and like both must be filed before a hearing, trial or judgment.

Our attention has been directed to several adjudicated cases to show that awards are usually liberally construed. Of this rule there is no question; it is well established as regards awards at common law.

The current decisions seem to be that awards of that kind cannot be impeached at law, if made in good faith, whether the arbitrators decide wrong either as to the law or the facts of the case.

Scarcely any matter, short of a want of power or jurisdiction appearing upon the face of such award, is subject to question or inquiry. And were this an award at common law, every reasonable intendment should be made to uphold it.

But the award before the Court is statutory, and such a liberal interpretation cannot be invoked in its aid. Its validity must be determined under the provisions of the statute authorizing it. And although it may be a good award under the rules of the common law, of which we express no opinion, yet it must stand or fall as it is, or is not, supported by the statute.

Some other points have been raised and discussed; but as we have determined that the judgment should be reversed on the ground of a departure in the proceedings from the provisions of the statute, we have not deemed it necessary to examine them.

The judgment is reversed.