Tynan v. Tate.

Andrew Tynan, plaintiff in error, v. George Tate, defendant in error.

**Arbitration.** The mode of proceeding by arbitration provided by statute, is not exclusive. An award upon a submission, valid at common law, may support an action.

Error to the district court of Nemaha county. The opinion states the case.

*J. H. Broady and E. W. Thomas,* for plaintiff in error.

The court erred in refusing to allow the plaintiff to prove a parol submission to arbitrators, and an award thereunder. The General Statutes of Nebraska have not changed the law in relation to submitting matters in controversy to arbitration, except in cases where the parties enter into a submission in pursuance of the provisions they contain. They do not declare all other submissions void, nor do they affect a parol submission; such submission is as valid as it ever was. Statutes like the one in Nebraska, prescribing a certain form of submission to arbitration, and for enforcing, by special proceedings in court, awards made thereunder, are very common, and are never construed as taking away the common law mode of arbitration. Unless the parties desire to make the award a judgment of a court, under the statute, upon which an execution may issue, they may submit matters in controversy by bond or contract in writing, or even by verbal agreement. *Miller v. Brumbaugh,* 7 *Kansas,* 343.

In the above case, the question is carefully considered, and many authorities are cited *Burnside v. Whitney,* 21 *N. Y.,* 148. *Dickerson v. Tyner,* 4 *Blackford,* 253.

*I. N. Shambaugh, Stevenson & Hayward, and W. T. Rogers,* for defendants in error.

MAXWELL, J.

The petition states that in the spring of 1871, defendant employed plaintiff to break one hundred and twenty-six and one-half acres of land at $2.90 per acre; that plaintiff completed the breaking by the 20th day of June, 1871; that a dispute arose between the parties as to the number of acres broken up, and the matter was submitted by agreement of the parties to T. Duncan, E. Phillips, and Doctor Collins, each party agreeing to abide the award; that the arbitrators so appointed made their award; that plaintiff had broken one hundred and twenty-one and one-half acres of land, the pay for which, amounting in the aggregate to the sum of $353.56. Defendant paid plaintiff on said award the sum of $270, leaving a balance of $83.56.

The defendant answered, denying the allegations of the petition. On the trial of the cause in the district court the plaintiff, testifying in his own behalf, was asked the following question: "Will you state to the jury all you know about a submission to the arbitration of T. Duncan, E. Phillips and Doctor J. Collins, of the matters in controversy in this case?" Defendant objected to the question on the ground "that the petition did not state any such arbitration as the statute provides for," which objection was sustained by the court, and to which ruling plaintiff excepted. Plaintiff then offered to prove the terms of the alleged arbitration and the award, to which defendant objected. The objection was sustained, and plaintiff excepted. The jury found a verdict for the defendant, upon which judgment for costs was entered.

The only question in this case is, whether an award of arbitrators not in conformity to the statute, is valid and binding on the parties. At common law "a submission might be either by word or deed. If the submission be by word there is no remedy to enforce the party to

Tynan v. Tate.

perform the award; but reciprocal actions on the case, and an action of debt will lie, if money be awarded, for it is in the nature of a simple contract." 1 *Bacon's Abr.*, 306. " But now an action may be maintained in all cases on the submission itself." *Purslow v. Bailey*, 2 *Ld. Raymond*, 1039.

In the case of *Burnside v. Whitney*, 21 *N. Y.*, 148, the court said: " It has been often held that the statute prescribing certain forms for submission to arbitrators, and allowing the parties to agree that a judgment of a court of record, designated in the instrument of submission, should be rendered upon the award, was cumulative merely, not exclusive; and that an award pursuant to the submission which would have been valid at common law, but which did not conform to the statute, would support an action." *Browning v. Wheeler*, 24 *Wend.*, 258. *Deidrick v. Rickley*, 2 *Hill*, 271.

Arbitrators being chosen, and they acting within the scope of their authority, the award becomes the act of the parties, and decides the rights of the parties, as effectually as a judgment, and is as binding, until set aside by a proper proceeding.

The provisions of our statute in relation to arbitration is not exclusive, but cumulative merely, and where parties have submitted matters of difference to arbitrators of their own selection, and an award has been made in pursuance of such submission, the award will be deemed valid and binding until set aside.

The court therefore erred in excluding the testimony of the plaintiff as to the submission and award. The judgment of the district court must therefore be reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

CHIEF JUSTICE LAKE concurs.