JOHN T. GIBSON v. MARGARET BURROWS.

*Arbitration and award—Reference.*

An award will not sustain a judgment if not acknowledged (Comp. L., § 6891) and if it does not in all respects conform to the statute.

Where an award does not conform to the statute, it is enforceable if at all, by bill or action as a cause of action, and not as a substitute for a verdict.

A reference will not sustain a judgment unless it conforms to the statute.

A reference must be conducted like a trial by a court, and contemplates the introduction of testimony with rulings and findings of fact and law subject to revision for errors.

An agreement entitled in one suit by which another in a different court between the same parties was to be discontinued on the appointment of arbitrators to settle both, was *held* not void, but extra-judicial.

Error to Superior Court of Detroit. Submitted October 15. Decided October 21.

JUDGMENT FOR DAMAGES ON ARBITRATION. Defendant brings error.

*Alex. D. Fowler* for plaintiff in error. An award will not sustain a judgment unless it conforms to the statute (Morse on Arbitration, 44, n. 3; *Vanderhoof v. Dean,* 1 Mich., 465) and is properly acknowledged (*Deerfield v. Arms,* 20 Pick., 485) or, if the statute requires, is under seal, *Detroit v. Jackson,* 1 Doug. (Mich.), 111; *Fink v. Fink,* 8 Clarke (Ia.), 313; *Allen v. Chase,* 3 Wis., 249; *Abbott v. Dexter,* 6 Cush., 108; *Drew v. Canady,* 1 Mass., 158; *Heath v. Tenney,* 3 Gray, 380; *Horton v. Wilde,* 8 Gray, 425; *Burghardt v. Owen,* 13 Gray, 300; *Clement v. Comstock,* 2 Mich., 362; *Wright v. Raddin,* 100 Mass., 319; *Franklin v. Pratt,* 101 Mass., 359; *Hamilton v. Hamilton,* 27 Ill., 158; *Tudor v. Peck,* 4 Mass., 242; *Steel v. Steel,* 1 Nev., 28, or unless the arbitrators have taken

the oath prescribed by statute, (*Inslee v. Flagg*, 26 N. J., 368; *Jackson v. Steele*, Sneed (Ky.), 21; *French v. Moseley*, 1 Lit. (Ky.), 248; *Lile v. Barnett*, 2 Bibb (Ky.), 166; *Combs v. Little*, 3 Green Ch. (N. J.), 310; *Overton v. Alpha*, 13 La. Ann., 558; *Bethea v. Hood*, 9 id., 88; *Toler v. Hayden*, 18 Mo., 399; *Frissell v. Fickes*, 27 Mo., 557; *Walt v. Huse*, 38 id., 210; *Fassett v. Fassett*, 41 id., 516; Caldwell on Arbitration, 101 n.; and the fact that the arbitrators were sworn must appear in the award, *Parker v. Crammer*, 1 Penn. (N. J.), 197; ·*Bowen v. Lanning*, id., 102; *Little v. Silverthorne*, 2 id., 501; *Crammer v. Mathis*, id., 413; *Swayze v. Riddle*, id., 487; the papers filed must show that the statute has been complied with, *Shores v. Bowen*, 44 Mo., 400; the award ought to show on its face that all matters submitted have been acted on, *Crisp v. Love*, 65 N. C., 127; it should be signed by all the arbitrators, Watson on Awards, 8; 1 Harrison's Digest, 113; *Thomas v. Harrop*, 1 Sim. & Stu., 524; and should show that all were present at the hearing, *Short v. Pratt*, 6 Mass., 496; *Blin v. Trimble*, 2 Tyler (Vt.), 304; *Bannister v. Read*, 6 Ill., 102; *Reeves v. Goff*, 1 Penn. (N. J.), 143; where three arbitrators are appointed, and two have power to make an award, notice to the third to attend should be shown, Watson on Awards, 65.

*Stewart & Galloway* for defendant in error.

CAMPBELL, C. J.    Error is brought on a judgment rendered in the Superior Court of Detroit in favor of Margaret Burrows against John T. Gibson, on what purports to be the finding of certain persons acting as arbitrators or referees.    It is claimed the action of those persons was not had in such a way as to authorize the court to enforce it.

Two suits were pending between these parties in November, 1877.    Gibson had a chancery proceeding in the Wayne circuit court to enforce a lien under a build-

ing contract, and Mrs. Burrows had a suit in the Superior Court of Detroit against him for damages growing out of the same contract.

On the 12th day of November, 1877, the two parties entered into a written agreement, entitled in the cause in the Superior Court, providing that the decision of three arbitrators, or a majority of them, should be entered and judgment rendered thereon, with special agreement as to costs. The arbitrators were to be chosen, one by each party and a third by the other two. They were to take the contract,—allowing Gibson $165, the unpaid balance, and such sum as they should see fit for extras named, and then determine the damages sustained by Mrs. Burrows by non-performance of the contract according to its terms. It was expressly provided that they should hear no testimony, and should determine the whole matter by their own judgment on personal inspection of the work as compared with the contract. These are the important provisions. After the choice of arbitrators the suit in the Wayne circuit court was to be discontinued and the lien discharged. It was further declared that all matters not therein contained concerning the powers and duties of the arbitrators should be left to their judgment and discretion, under the supervision of the Judge of the Superior Court.

They found an award which declared a balance in favor of Mrs. Burrows, derived from cross allowances particularly set out. On this judgment was rendered.

It is insisted the court had no power to act upon this award, because it did not conform to the statute. It is not acknowledged before any officer—which the statute expressly requires. Comp. L., § 6891. Some other matters might be suggested, but this alone is fatal. An arbitration which does not in all respects conform to the statute must be enforced if at all by bill or action. No judgment can be rendered on it. *Gallagher v. Kern,* 31 Mich., 138; *McGunn v. Hanlin,* 29 Mich., 476.

Defendant in error conceding this defect attempts to

sustain the proceeding as a reference.   But references—like awards—can only be made the foundation of a judgment when they conform to the statutes.   Under our statutes (Comp. L., ch. 186) the referees are required to conduct their business in the same manner as a trial by the court.   The whole machinery of the law contemplates the introduction of testimony and all the other incidents of legal proceedings, with rulings on testimony and findings of fact and law subject to revision for errors.   Here the arbitrators are required to receive no testimony and to act entirely on their own judgment on an inspection of the work out of which the controversy arose.   There is no resemblance to a reference.

The award, if valid, must be enforced as a cause of action and not as a substitute for a verdict.   No judgment can be given on it.

The judgment must be reversed with costs as there is nothing left of the lawsuit, both suits having been made subject to the agreement, which is not void but merely extra-judicial.

The other Justices concurred.