[No. 13320.  In Bank. — December 2, 1892.]

96  6̄1̄7̄<br>143  676

In the Matter of the Arbitration between L. KREISS, Respondent, and A. P. HOTALING, Appellant.

ARBITRATION — AWARD — JUDGMENT — STAY OF PROCEEDINGS — VALIDITY OF SUBMISSION. — Where the agreement of submission under which an award is made is valid as a statutory submission, and is entered as an order of court, the court has no right to stay proceedings on the judgment entered upon the award, however erroneous the action of the arbitrators may have been; but if the agreement of submission is not valid under the statute, proceedings upon the judgment may be perpetually stayed by the court.

ID. — SETTING ASIDE COMMON-LAW AWARD. — If an award, though not good under the statute, is valid as a common-law award, a motion to set it aside is properly denied.

ID. — STATUTORY ARBITRATION — CONSTRUCTION OF STATUTE — DEROGATION OF COMMON LAW — SUBSTANTIAL COMPLIANCE. — In this state, the

rule that statutory proceedings in cases of arbitration, being in deroga-
tion of the common law, must be strictly construed has been abrogated
by the code, and it is sufficient if there is a substantial compliance with
the requirements of the statute.

ID. — SUBMISSION VOID UNDER STATUTE — INVALIDITY OF JUDGMENT. —
A submission of disputed matters to arbitration, under an agreement of
submission which clearly shows an intention by the parties thereto to
ignore nearly all of the material provisions of the statute relating to ar-
bitrations, and which expressly repudiates any intention of following its
requirements, or of availing themselves of the machinery of the court
to assist the arbitrators, or correct any errors of the latter, is void as a
statutory submission to arbitration, and an award thereon cannot be en-
forced as a judgment, although it may be good as a common-law award
and as the basis of an action.

ID. — SETTING ASIDE VOID JUDGMENT — PERPETUAL STAY OF EXECUTION.
— A judgment entered by the clerk upon an award of arbitrators which
is not supported by a valid statutory agreement of submission to arbi-
tration is absolutely void, and is, in legal effect, no judgment. It may
be set aside by the court with or without a motion therefor, and execu-
tion thereof may be perpetually stayed.

APPEAL from an order of the Superior Court of the
city and county of San Francisco refusing to vacate
and set aside an award of arbitrators, and perpetually
staying a judgment entered by the clerk upon the award,
and all proceedings thereunder.

The facts are stated in the opinion of the court.

*A. N. Drown*, for Appellant.

*Henry E. Highton*, for Respondent.

PATERSON, J. — A dispute having arisen between re-
spondent and appellant as to the balance, if any, due
from the latter to the former for certain work done by
him in decorating appellant's dwelling-house, a contract
was entered into, by the terms of which they agreed to
submit the matter in controversy to two arbitrators, who
were authorized to choose an umpire in the event of
their inability to agree. It was stipulated that the sub-
mission to arbitration should be filed with the clerk and
entered as an order of the superior court. The arbitra-
tors were unable to agree upon an award, and Augustus
Laver was chosen by them to act "as an umpire, or third

arbitrator." An award was filed April 21, 1888, in which the arbitrators found that appellant had overpaid respondent, and that he was entitled to have and recover from respondent the sum of three thousand dollars. The award was entered in the judgment-book by the clerk, who thereupon made up what he certifies to be the judgment roll, consisting of the agreement, stipulations extending the time in which the arbitrators should make the award, a notice and affidavit of Kreiss setting forth his objections to the entering of any award, and the award of the arbitrators. Respondent moved for an order setting aside the award, and granting a rehearing before the arbitrators. Thereupon the court made the following order, from which the appellant has appealed: —

"In this cause, the motion of L. Kreiss, one of the parties above named, made June 11, A. D. 1888, for the purpose of vacating and setting aside the award in this proceeding, coming on regularly this day for hearing, the said L. Kreiss being represented by Henry E. Highton, Esq., his attorney, and A. P. Hotaling, the remaining party to said alleged arbitration, being represented by A. N. Drown, Esq., his attorney, it appearing to the court that the submission to arbitration filed herein on April 17, A. D. 1888, is not a statutory submission under title X., sections 1281 to 1290, inclusive, of the Code of Civil Procedure of this state, it is hereby ordered that upon this ground and for this cause, and for want of jurisdiction thereof, the said motion is now dismissed; and it is further ordered that the judgment entered in form in the said proceeding by the clerk of this court be, and all proceedings thereunder be, and the same hereby are, perpetually stayed. Affidavits of A. P. Hotaling, M. E. Knoph, Augustus Laver, and R. Blum read and filed in opposition to said motion."

It clearly appears from the provisions of this order that the court denied the motion of respondent to set aside the award, and in lieu of the relief asked for, made an order staying all proceedings on the judgment en-

tered by the clerk. Inasmuch as no motion was made
to perpetually stay all proceedings under the judgment
entered by the clerk, the matter must be treated as if
such order had been made by the court of its own mo-
tion, and its action can be justified only upon the ground
that the judgment entered by the clerk was absolutely
void, — a mere nullity.

In determining the question whether the judgment
entered by the clerk was void or merely irregular, it is
necessary to consider the provisions of the code relating
to arbitration and award. If the agreement of submis-
sion under which the award was made was valid as a
statutory submission, the court had no right to stay pro-
ceedings on the judgment, however erroneous the action
of the arbitrators may have been. Relief from such irreg-
ularities can be had only in the manner and upon the
grounds specified in sections 1287 and 1288 of the Code
of Civil Procedure. If the award, though not good
under the statute, is valid as a common-law award, the
court properly denied the motion to set it aside, because
the effect of such an order as the motion called for would
have been to declare it invalid for any purpose. (*Fink*
v. *Fink*, 8 Iowa, 316.)

It has been held in many cases that statutory proceed-
ings in cases of arbitration, being in derogation of the
common law, must be strictly construed. (*Monosiet* v.
*Post*, 4 Mass. 532; *Franklin M. Co.* v. *Pratt*, 101 Mass. 359;
*Barney* v. *Flower*, 27 Minn. 403; *Hamilton* v. *Hamilton*,
27 Ill. 160; *Burnett* v. *Gould*, 27 Hun, 366.) But as in this
state the rule of the common law that statutes in deroga-
tion thereof are to be strictly construed has been abro-
gated by the code, it is sufficient if there is a substantial
compliance with the requirements of the statute.

In the agreement of submission, M. E. Knoph and
Robert Blum were named as sole arbitrators, with power
to determine which party was indebted to the other, and
in what amount. It was stipulated that all of the re-
quirements of section 1285 of the Code of Civil Proce-
dure might be dispensed with, and that the arbitrators,

without being sworn, might proceed to make an award "without set times or an appointed place for their proceedings," and that they might obtain such information touching the subject-matter of the arbitration as they desired, and in such manner as they deemed best, "anything in the said Code of Civil Procedure to the contrary notwithstanding." It was further agreed that in the event of the arbitrators named failing to agree, they should choose a third arbitrator, or umpire, and the decision of the majority of the three should be final and binding. The agreement also provided that the submission should be filed with the clerk and entered as an order of the superior court, and that after a decision was entered upon the judgment-book, neither of the parties thereto would ask for "any reduction, exception, new trial, or appeal therefrom, or from any part thereof," but that said decision should "have all the force and effect of a final judgment of the court of last resort, from which there shall be no appeal whatever, it being the object and intent of this agreement of submission to avoid the expenses and delay of a litigation in court." The agreement concluded with a stipulation that the submission should not be revoked by either party, but that the same should be final and irrevocable. Thus it is made clearly to appear that the parties intended to ignore nearly all of the material provisions of the statute relating to arbitrations. They expressly repudiated any intention of following its requirements, or of availing themselves of the machinery of the court to assist the arbitrators, or correct any errors of the latter. The submission, therefore, as a statutory submission to arbitration, is void, and the award cannot be enforced as a judgment, although it is good as a common-law award, and the basis of an action. The distinction between the case at bar and *Williams* v. *Walton*, 9 Cal. 146, on the question of the validity of the award as a common-law award, is clear. (Morse on Arbitration and Award, 44, 575; *Fink* v. *Fink*, 8 Iowa, 313; *Gibson* v. *Burrows*, 41 Mich. 713; *Willingham* v. *Harrell*, 36 Ala. 586; *Coats* v.

*Kiger*, 14 Ind. 180; *Strum* v. *Cunningham*, 3 Ohio, 286; *Myers* v. *Easterwood*, 60 Tex. 107; *Tynan* v. *Tate*, 3 Neb. 388; *Steele* v. *Steele*, 1 Nev. 31; *Fairchild* v. *Doten*, 42 Cal. 129.) In *Halloran* v. *Bray*, 29 Ga. 423, the court held that an *umpire* selected by two arbitrators chosen by the parties to the submission was not authorized to act, and there was no power in the court to make the award a judgment of the court. In *Holdridge* v. *Stowell*, 39 Minn. 360, the parties entered into an agreement, as in this case, to submit a certain matter in difference between them to the arbitrament of two persons named, and such other person as might be chosen by those two. The statue, it appears, did not authorize the two arbitrators named to choose a third. The award was set aside, on the ground that it was invalid because the arbitrators were not chosen by the parties to the proceedings, and on appeal the judgment was affirmed. The court said: "It is conceded that the agreement was not good as a statutory arbitration, for the reason that the arbitrators are not all named in it."

The judgment entered by the clerk being absolutely void because not supported by a valid statutory agreement of submission, we entertain no doubt of the power of the court to set it aside, with or without a motion therefor. "If a judgment is absolutely void and a mere nullity, of course it is no protection or justification to any person, and it is immaterial whether it be set aside or not." (Black on Judgments, 355.) "A void judgment is, in legal effect, no judgment. By it no rights are divested. From it no rights can be obtained. Being worthless in itself, all proceedings founded upon it are equally worthless. It neither binds nor bars any one. All acts performed under it, and all claims flowing out of it, are void. The parties attempting to enforce it may be responsible as trespassers." (1 Freeman on Judgments, sec. 117.) "Each court has such general control of its process as enables it to act for the prevention of all abuse thereof. Hence it may, to prevent the annoyance which might be occasioned by the attempted

execution of a void judgment, either stay or arrest the process." (Freeman of Executions, sec. 32.)   In *People* v. *Greene*, 74 Cal. 405, 5 Am. St. Rep. 448, Chief Justice Searls, speaking for the court, said: "A judgment which is void upon its face, and which requires only an inspection of the judgment roll to demonstrate its want of vitality, is a dead limb upon the judicial tree, which should be lopped off, if the power so to do exists." *People* v. *Harrison*, 84 Cal. 607, cited by the appellant, is not in point. The judgment there considered was not void on its face.

The order is affirmed.

McFARLAND, J., SHARPSTEIN, J., GAROUTTE, J., and DE HAVEN, J., concurred.

Rehearing denied.