[S. F. No. 1296.   Department Two.—March 31, 1900.]

In re Arbitration of Matters of Difference Between M. W. CON-
    NOR and DELOS PRATT.   DELOS PRATT, Appellant,
    v. M. W. CONNOR, Respondent.

ARBITRATION AND AWARD—REVIEW UPON APPEAL—AFFIDAVIT—BILL OF
    EXCEPTIONS—STATEMENT.—Where an award of arbitrators was en-
    tered as an order of court by stipulation of the parties to the
    arbitration, any alleged errors, if reviewable upon appeal, can-
    not be reviewed upon an *ex parte* affidavit of the appellant,
    which cannot take the place of a bill of exceptions or of a
    statement of the case.

ID.—FAILURE TO SWEAR WITNESSES—MISCONDUCT NOT SHOWN.—An
    affidavit merely stating that the arbitrators failed to swear the
    witnesses, without showing that the appellant asked to have
    them sworn, or objected to their not being sworn, or excepted
    to their unsworn statements, does not show any misconduct of
    the arbitrators.

ID.—LEGAL RULES INAPPLICABLE—EQUITABLE NATURE OF AWARD.—
    Arbitrators are not bound to make their award on principles
    of dry law, or in strict adherence to the legal rules and pro-
    cedure expected in judicial trials, but may decide on the prin-
    ciples of equity and good conscience, and make their award
    *ex aequo et bono*.

ID.—GROUNDS FOR VACATING OR MODIFYING AWARD.—The only grounds
    for vacating or modifying an award are those set forth in
    sections 1287 and 1288 of the Code of Civil Procedure, which
    do not include ordinary errors or faults of judgment, but only
    things that are "gross." An award will not be disturbed upon
    appeal, which does not appear to be  invalid upon any of the
    grounds specified in those sections.

ID.—FINDINGS AND REASONS NOT REQUIRED.—Arbitrators are not re-
    quired to find facts  nor to give reasons for their award.

Id.—Amount Due upon Note—Modification of Award—Absence of Evidence—Computation of Interest.—In the absence of the evidence given before the arbitrators as to the amount due upon a note, their award fixing the amount cannot be modified for supposed error in the computation of interest, or in not computing it for a sufficient period of time.

Id.—Rejection of Distinct Matter not Covered by Submission.—An award is properly modified by striking out matter inserted therein which was not included in the submission, and is a part thereof which can be separated from other parts, and does not affect the decision on the matter submitted.

APPEAL from an order of the Superior Court of Alameda County refusing to vacate or modify an award of arbitrators. S. P. Hall, Judge.

The facts are stated in the opinion of the court.

R. E. Ragland, for Appellant.

F. A. Berlin, for Respondent.

McFARLAND, J.—This is an appeal by Delos Pratt from an order of the superior court denying his motion to modify, and also to vacate a certain award of arbitrators.

The appellant Pratt and the respondent Connor, by an instrument in writing in due form and properly executed, submitted to three named arbitrators certain controversies pending between them concerning the amount due on a certain promissory note made by Connor to Pratt, and also concerning moneys claimed to be due from Pratt to Connor, arising out of transactions about certain lots of land—Nos. 14 and 15—in Eden Park tract, Alameda county. It was stipulated in the written submission that the award should be final, and should be entered as an order of court in the superior court of said county. In due time the arbitrators, having qualified as required by the code and having heard the case as presented by the parties, made their written award, which was that there was due Connor on the transactions about the lots three hundred and three dollars and seventy-nine cents, and that there was due Pratt balance of principal and interest on the note two hundred and twenty-three dollars and forty-five cents, and that the balance due Connor was eighty dollars and thirty-four cents.

The transcript on appeal contains merely the submission to arbitration, the award, the motion to modify and vacate, the order denying the motion, the notice of appeal, and an affidavit of appellant, in which he sets forth certain alleged errors, together with a statement of some alleged facts upon which he based his motion.    It is evident, however, that an *ex parte* affidavit cannot take the place of a bill of exceptions or settlement of a statement of the case.   If alleged errors committed by arbitrators on the hearing of matters submitted to them can be reviewed at all, in the same general way in which alleged errors of a court committed during a trial before it can be reviewed—which is doubtful (see *Russell v. Seery*, 52 Kan. 730; *Muldrow v. Norris*, 2 Cal. 77; 56 Am. Dec. 313; *Tyson v. Wells*, 2 Cal. 131)—then the error should be made to appear in the same manner required in the case of a trial before a court. There is no provision for presenting alleged errors of law or written conclusions of fact from evidence by an affidavit of a party.   If the statement in the affidavit that the witnesses who appeared before the arbitrators were not sworn could be construed to be a charge of "misconduct," and therefore properly presented by affidavit, still that statement is of no consequence here, because it is not stated that appellant asked to have the witnesses sworn or objected to their not being sworn, or excepted to their being allowed to make their statements without having been sworn.   The code does not expressly provide that persons making statements before arbitrators must be sworn, although the latter are authorized to administer oaths to witnesses; and although it might be improper for arbitrators to refuse a request of a party that such persons be sworn, still it would be preposterous to hold an award void because they were not sworn after all parties had agreed, either expressly or by failure to object, that they need not be sworn.

There is no appeal from a judgment entered on an award before the decision of a motion to vacate or modify it (Code Civ. Proc., sec. 1289); the appeal must be from a decision on such motion.   Where controversies are voluntarily submitted to arbitrators who need not be, and frequently are not, learned in the law, it is not contemplated that their awards will be viewed in the light of that strict adherence to legal rules and

procedure which is expected in purely judicial trials. As was said in *Muldrow v. Norris, supra:* "Arbitrators are not bound to award on principles of dry law, but may decide on the principles of equity and good conscience, and make their award *ex aequo et bono.*" And in recognition of this principle the only grounds for a motion to vacate or modify an award are specified in sections 1287 and 1288 of the code; and the grounds for vacating an award (Code Civ. Proc., sec. 1287) include only cases of fraud, corruption, misconduct, "or gross error," or, where the arbitrators have refused to hear pertinent evidence, or otherwise acted improperly, "in a manner by which the rights of the parties are prejudiced," or where they have "exceeded their powers," or have refused to consider part of the matters submitted to them, or where the award is indefinite, or cannot be performed. These grounds do not include mere ordinary errors nor even faults of judgment. They refer to things that are "gross." In the case at bar, looking at the face of the award itself—and that is the only thing before us—we see no reason for vacating it upon any of the grounds stated in section 1287. It is certainly not indefinite, for it states definitely that there is a balance due from appellant to respondent of eighty dollars and thirty-four cents; and it is sufficient to say that it is not invalid under any of the other provisions of sections 1287.

Appellant claims that, under section 1288, the court should have modified the award by allowing him interest on balance due on the note from respondent to him down to October 11, 1897, instead of only to April 4, 1884; but, as there is no evidence before us, how is it possible to say that the award on this matter is wrong? The arbitrators were not required to find facts nor to give reasons for their award. (*Muldrow v. Norris, supra.*)

The arbitrators improperly inserted at the close of the award these words, "and the lots 14 and 15 belong to the syndicate," and the court modified the award by striking out these words. This was proper under subdivision 2 of section 1288, which provides for such modification "when a part of the award is upon matters not submitted, which part can be separated from

other parts, and does not affect the decision on the matters submitted."

The order appealed from is affirmed.

Temple, J., and Henshaw, J., concurred.