[Civ. No. 487.  First Appellate District.—December 31, 1908.]

In the Matter of Submission to Arbitration Between the JOSHUA HENDY MACHINE WORKS, a Corporation, of the One Part, Appellant, and GEORGE P. GRAY and HARRY GRAY, Copartners Doing Business Under the Firm Name of GRAY BROTHERS, of the Other Part, Respondents.

STATUTORY ARBITRATION—VOID SUBMISSION AND JUDGMENT—PARTIES NOT NAMED—STIPULATION FORBIDDING APPEAL—PERPETUAL STAY OF EXECUTION.—A submission to arbitration stipulating that two arbitrators named may choose a third not named, and that the award shall be final, and neither party shall have any right of appeal, is void under the statute, and a clerk's judgment entered upon the award is void. And the court properly ordered a perpetual stay of execution thereupon.

ID.—SPECIAL JURISDICTION—SUBSTANTIAL COMPLIANCE WITH STATUTE ESSENTIAL.—Jurisdiction in arbitration proceedings under the statute is special, and it can attach only by a substantial compliance with all the requirements of the statute.

APPEAL from an order of the Superior Court of the City and County of San Francisco, perpetually staying execution upon a clerk's judgment upon submission to arbitration. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

E. B. Young, and Garoutte & Goodwin, for Appellant.

Fisher Ames, and Ames & Manning, for Respondents.

KERRIGAN, J.—The parties to this action entered into an agreement in writing to submit a certain matter in dispute between them to the arbitration of two persons named, who, in the event of their inability to agree, were authorized to choose a third arbitrator, and the award of the three arbitrators, or any two of them, was to be binding upon the parties. The two arbitrators failed to agree, and they appointed a third. Thereafter, under the submission, a final award was unanimously made in favor of appellant and against the respondents, upon which judgment was entered. Subsequently, upon motion of the respondents in the court below, an order was made and entered, perpetually staying the issuance of any execution upon the judgment, upon the ground that the judgment was void and of no effect.

This case has two of the defects discussed in the case of *Kreiss* v. *Hotaling,* 96 Cal. 617, [31 Pac. 740], and upon which the submission in that case was held to be void. Here, as there, the agreement of submission stipulates that the award of the arbitrators shall be final and conclusive, and that neither side shall have the right of appeal; nor does this agreement to submit to arbitration contain the names of all the arbitrators. As the code (Code Civ. Proc., sec. 1283) requires a submission to arbitration to be in writing, and as the clerk of the court must, upon a submission being filed with him, enter the names of the arbitrators in his register (Code Civ. Proc., sec. 1285), it is plain that the legislature intended to prescribe (as was held in the above-cited case of *Kreiss* v. *Hotaling*) that all the arbitrators must be named in the submission agreement.

Jurisdiction in arbitration proceedings is a special jurisdiction, and it is only by a substantial compliance with all the requirements of the statute that it attaches. (*In re Abrams and Brennan,* 2 Cal. App. 237, [84 Pac. 363].)

Upon the authority of the case of *Kreiss* v. *Hotaling,* 96 Cal. 617, [31 Pac. 740], the order appealed from is affirmed.

Cooper, P. J., and Hall, J., concurred.