*651 The opinion of the court was delivered by
Brewer, J.:
This was an action of replevin, brought by defendants in error to recover possession of certain personal property which they claimed by virtue of a chattel mortgage. To the petition defendant filed an answer containing, first, a general denial, and second, a plea of an arbitration and award. Attached to the answer, and made a part of it, were copies of the agreement to submit and the. award, which,-as defendant alleged, were on file in the district court of Shawnee county. To this second ground of defense, plaintiffs interposed a demurrer, which was sustained by the district court, and defendant brings the question here on error. The following are copies of the exhibits attached to the answer:
“ EXHIBIT A.
“State of Kansas, County of Shaavnee. — Whereas, there are certain matters in dispute between Edward West, Henry West, Andrew Wilson and William Weir, and whereas it is the desire to settle said differences, now witnesseth :• That we, Edward West, Henry West, Andrew Wilson and William Weir, have agreed, and by these presents do hereby agree, to arbitrate all matters of dispute between us, and for that purpose have selected Henry York and Oliver Kinsey as arbitrators, and we hereby agree to abide by the decision of said arbitrators; and it is further agreed, that if said arbitrators cannot agree, they are to select a third person, whose decision shall be final in the premises, subject to all lawful and legal objections; and it is further agreed, that the award of arbitrators be made a rule of the district court of Shawnee county, Kansas. Said arbitration to be according to the laws of the state of Kansas, and to be held at Kingsville, in Shawnee county, Kansas, on the 15th day of January, 1881, or at such time and place as said arbitrators shall agree upon.
“Witness our hands, this 15th day of January, 1881.
Wm. Weir,
Edward H. West, and
Henry West.
Andreav Wilson, per Enos.
“State of Kansas, Shaavnee County. — We, Henry York, Oliver Kinsey and John H. Owens, do solemnly swear that we will, to the best of our ability, hear and • determine *652 all matters of dispute between Edward West, Henry West, Andrew Wilson and William Weir, and a true award make according to our best knowledge and ability.
Henry York,
Oliver Kinsey,
John H. Owens.
“Subscribed and sworn to before me, this 15th day of January, 1881.
[Seal.] P. P. Enos, Notary Public.”
“exhibit b.
“ In the matter of the arbitration submitted to us by Andrew Wilson, Edward West, Henry West and William Weir, it is found by the undersigned arbitrators: After hearing all the testimony, we do find that there is due William Weir the sum of one hundred and seventy-two dollars and sixty-four cents; and we further find that the mortgage and note given by Weir to Edward and Henry West be canceled and delivered up to said Weir, and that said' Edward and Henry West pay to William Weir the sum of one hundred and seventy-two and dollars. ' Henry York,
Oliver Kinsey,
John H. Owens,

Arbitrators.”

It appears from the agreement to submit, that all matters of dispute were submitted to the arbitrators, and from the award, that it reached to and disposed of this chattel mortgage; but counsel for defendants in error challenge the validity of these arbitration proceedings, and claim that they were illegal and void — and this upon several grounds. It may be premised that since 1876 we have a statute authorizing and regulating arbitration, (Comp. Laws 1879, ch. 5a,) and it is evident from the agreement to submit that the parties intended an arbitration under the statute. They stipulate that the award shall be made a rule of the district court, and also that the arbitration shall be according to the laws of the state. This makes clear the intent of the parties.
Now the question is whether these arbitration proceedings can be sustained as a statutory arbitration, and if not, whether they are good as a common-law arbitration. It will be noticed that these arbitration proceedings were attacked col *653 laterally; they were not brought before the court for review for any mere correction of errors, but their absolute invalidity is asserted. The statute, § 11, provides after the filing of the award, for a review by the court for the correction of any errors or the setting aside of the award for fraud and other reasons. Obviously the practice contemplated is that the award shall be equivalent to the verdict of a jury, and that when filed in the district court it shall be open to review very much as a verdict. This fact is important, and we think controlling in this case. The purpose of the statute is to make an arbitration a. gwasi-judicial proceeding, and like other judicial proceedings where jurisdiction once attaches, mere errors can only be corrected by proceedings in error, and will not invalidate the award when collaterally attacked. Where parties are in court, and the court has jurisdiction of them and of the subject-matter of the inquiry, the verdict of a jury is conclusive as against any collateral attack, and can only be set aside by proceedings in the case for review; so under this statute if the agreement to submit is valid so that jurisdiction is vested in the arbitrators, their award, no matter what errors may have transpired in the proceedings, binds the parties unless and until the court in which the award is filed sets it aside.
In this of course we refer to those arbitrations in which it is expressly stipulated that the submission shall be made a rule of court. For as appears from §1 of said chapter, two kinds of arbitrations are provided for — one in which the submission is to be made a rule of court, and the other in which no such judicial proceeding is contemplated. With these preliminary observations, we turn to the special grounds of objection presented to these proceedings.
It is insisted that the proceedings are void, because: 1. The arbitrators were sworn before a notary public instead of before a judge or justice of the peace, as provided in §6. Because, 2. It does not appear from the papers that witnesses were summoned or sworn, as provided by §§4 and 6. 3. That the submission agreement fails to specify the certain *654 time and place at which the arbitration was to be held, as required by § 3. 4. That the name of Andrew Wilson, who appears as one of the parties to the submission agreement, was not signed by himself, but by one Enos, and no authority is shown for such signature. 5. Because it does not appear that a copy of the award was delivered without delay to each of the parties, as required by § 7.
We shall not stop to inquire whether any of these objections would be sufficient in direct proceedings in review. When challenged as the award was in this case, collaterally, none of them is available.
In reference to the first objection, Morse on Arbitration and Award, p.Ill, says: “Whether it can be shown collaterally by plea in an action on the award that the oath was omitted, is said to be another question, but one which, from the same analogy, must be answered in the negative, though the swearing may have been necessary. For as it cannot be pleaded in an action on a judgment that the judges were not sworn, so must it also, a fortiori, in the case of judges de faeto of the parties’ own choosing, and who have acted within the scope of their authorityand cites in support of that proposition the case of Browning v. Wheeler, 24 Wend. 258, which fully sustains the doctrine. If this reason be good as to the arbitrators, it is equally so as to the witnesses. While of course they should be sworn, and if it is made to appear on review in the court that they were not sworn, unless the oath was waived by the parties, it would be good reason for setting aside the award. But can the judgment of á court or the verdict of a jury be set aside, on collateral attack, on the ground that the judgment or verdict was obtained on incompetent testimony? Clearly not. By parity of reasoning, when the submission is made a rule of court, and the award having been agreed upon by the arbitrators is filed in the court for its examination and judgment, it cannot be treated as a nullity on the ground that the witnesses before the arbitrators were not sworn. Such an omission does not go the question of jurisdiction, but to the mere matter of error.
*655 The third objection is not founded in fact. The submission agreement in terms provides that the arbitration shall be held at Kingsville, Shawnee county, Kansas, on the 15th day of January, 1881. True, it gives the arbitrators power to name a different time and place, but that does not make the matter of the time and place uncertain, any more than the statement in a notice of a motion that it will be heard before a certain court,-at a certain time and place, or as soon thereafter as counsel can be heard. Of course if the arbitrators named' another place and time, and gave no notice of such time and place to either party, and proceeded to hear and de-' termine the dispute in the absence of such party, it would be good ground for setting aside the award.
The fourth question is equally untenable because the present action is alone between the Wests and William Weir; and whether Andrew Wilson was bound by that award or was a party to it is immaterial. The case as it stands upon the record now is similar to that which would appear if an-action were brought in a court against three parties and only, two of the defendants were summoned. Prima faaie, any proceedings and judgment in the case would be conclusive as to the controversy between the plaintiff and the two defendants summoned.
The fifth objection falls within the same category as the first and second. It might be sufficient in some cases for setting aside the award, though in many instances it might be a mere technical error and one without prejudice, but clearly it does not render the proceedings absolutely void. We conclude, therefore, that none of these alleged defects is sufficient to invalidate the award when challenged as it was in the present case. We desire to repeat in conclusion, that, the remarks we have made in reference to these objections apply only to a case in which by express stipulation the submission is to be made a rule of court, and in which the arbitration is had, the award made and filed in the court in pursuance to the stipulation, and in which one of the parties thereto, instead of seeking a direct review in the court, seeks *656 to challenge it in a collateral way and have it declared absolutely void. The proceedings where they have advanced so far as the filing of an award in a court of general jurisdiction, in accordance with the terms of the stipulation, have become the proceedings of the court. The parties by signing the -submission have submitted themselves to the jurisdiction of the court, and if the controversy is one of which the court ■can take jurisdiction, it has jurisdiction both of the parties and of the subject-matter. Then, notwithstanding errors appear in the progress of those proceedings, they cannot in any collateral action be held absolutely void. Whatever errors may have transpired can be reviewed and corrected only by direct proceedings in review. It is true that in this case ■the award has not culminated in a judgment of the court, but nevertheless it is a proceeding, an action pending in the ■court; and it is a good defense to one action that there is another action pending for the same matter between the same parties. (Code, § 89.)
The judgment of the district court will be reversed, and the cause remanded with instructions to overrule the demurrer.
All the Justices concurring.