## JOHN M. ANDERSON v. BURCHETT & FRALEY.

1. ARBITRATION — *Irregularities.* Irregularities of arbitrators, to whom is submitted a controversy, and who act in good faith, which are not prejudicial to the complaining party, will not avoid an award.

2. AWARD, *Not Set Aside.* The mere indebtedness of an arbitrator to one of the parties to a controversy, where the indebtedness is small, and it is not shown that it was insecure or that its payment depended to any extent on the result of the controversy, is not a sufficient reason to set aside an award.

3. ————— *Waiver of Objections.* Where a party to an arbitration learns facts which make an arbitrator incompetent, but thereafter proceeds with the hearing without objection to his incompetency, and takes the chances of a favorable decision, he will be deemed to have waived his objection, and will not be permitted to raise the same after an award has been made.

4. AWARD, *Not Set Aside.* Agreements between counsel with reference to the continuance of a cause, not reduced to writing nor brought to the attention of the arbitrators, are not of themselves sufficient grounds to set aside an award.

5. PETITION — *Amendment.* Upon the hearing of a motion to make the award of the arbitrators a rule of the district court, the court permitted an amendment of the plaintiff's petition or written statement of facts claimed, so that it should correspond with the award made by the arbitrators. *Held,* Not error.

*Error from Clark District Court.*

THE opinion states the facts.

*Dawson Smith,* for plaintiff in error.

*J. D. McFarland,* and *W. A. McCartney,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: John M. Anderson, who was engaged in constructing a court-house for Clark county, obtained from Burchett & Fraley brick to be used in the construction of the building. A dispute arose between them as to the quantity and price of the brick used, and they agreed to submit the matters in controversy to arbitration, the award to be made a

rule of the district court.   Under the agreement, William A.
Deeds, James J. Kennedy and James D. Whitfield were des-
ignated as arbitrators.   Each party gave an obligation that
he would faithfully submit to and perform the award of the
arbitrators, and it was provided that the arbitration should be
begun on February 14, 1889, and that the award should be
made on or before March 8, 1889.   After the arbitrators had
qualified, Burchett & Fraley filed before them a statement of
their claim, to the effect that they had furnished Anderson
504,000 brick, at an agreed price of $6.50 per 1,000, which
were of the total value of $3,276, and that Anderson had paid
thereon the sum of $2,650, and they demanded an award of
the difference between these sums, $626, with interest from
the 1st day of December, 1888.   Anderson filed an answer,
which was a general denial.   They entered upon the arbitra-
tion on the 14th day of February, 1889, and continued the
hearing from time to time until March 8, 1889, when they
reached a conclusion, awarding Burchett & Fraley $700.45,
but decided that the costs should be equally divided between
the parties.   Anderson filed exceptions to the award of the
arbitrators, alleging that it was obtained by fraud and undue
means, and also that there was misbehavior on the part of
the arbitrators during the proceedings.   Testimony was re-
ceived upon the exceptions, but the court sustained the award,
and entered judgment thereon in accordance with the agree-
ment of the parties.

Only the legal objections to the making of the award a
rule of the district court have been brought up for review.
The first objection is, that all the arbitrators did not exercise
their judgment and discretion in deciding the questions that
arose during the proceedings.   It appears that Kennedy and
Deeds were first selected, and that they chose Whitfield, the
third arbitrator, who acted as chairman of the board, and was
spoken of as an "umpire."   Kennedy testified that it was
the duty of Whitfield to give the deciding vote when objec-
tions were raised upon which there was a difference of opinion
between himself and Deeds.   Once or twice there were dif-

ferences of opinion, when the deciding vote was given by Whitfield; but the decisions were satisfactory to the board. All the arbitrators were named in the agreement of the parties, and of course the disputants were entitled to the wisdom, discretion and judgment of each of the arbitrators, in the determination of all material questions. Although the conduct of the arbitrators in this respect was somewhat irregular, we do not think it was prejudicial. The only question submitted to the arbitrators was the number of brick which had been furnished, and the price which was to be paid for the same. All the arbitrators were present throughout the hearing, and all of them agreed to the award that was made, and from the testimony it is seen that there was no division of opinion upon any substantial question during the hearing.

Another objection is, that one of the arbitrators was not disinterested and impartial, but was indebted to one of the contesting parties, and had counseled with him respecting the subject-matter of the controversy. Kennedy was indebted to Burchett to the extent of $50; but mere indebtedness of an arbitrator to one of the parties does not disqualify him. ( *Wallace v. Carpenter*, 13 Allen, 19.) The indebtedness was small, and it is not shown that it was insecure, or that its payment depended to any extent on the result of this controversy. The interest of Kennedy, if it can be called one, was so remote and contingent that it could not, we think, have influenced him in his action, and nothing was shown in his conduct to indicate partiality or corruption.

The other objection made to Kennedy is untenable. It appears that some time prior to the arbitration Burchett mentioned to Kennedy that Anderson owed him for the brick used in building the court-house, and Kennedy suggested to him to file a lien on the building. The matter of lien, however, was not a subject of controversy, and nothing in the testimony shows that Kennedy had any knowledge or preconceived opinion regarding the indebtedness existing between the parties to this proceeding. The plaintiff in error learned the facts which he now claims disqualified Kennedy as an arbitrator during

the progress of the trial, but he did not present his objection to the board of arbitration. After proceeding in this way, and taking the chances of a favorable decision, he should not be permitted afterward to raise objection. "If a party to an arbitration objects to one of the arbitrators on account of an incompetency, he must make his objection known as soon as he receives knowledge of facts making the arbitrator incompetent. If he goes on with the proceedings he will be considered to have waived his objection." (1 Am. & Eng. Encyc. of Law, 673.)

Another objection is, that the plaintiff in error was absent from the hearing a portion of the time on account of a stipulation made between the attorneys. It is contended that an agreement was made between counsel that, if either party could not be present at a certain time, the case should be continued, and that neither should take advantage of the absence of the other. The testimony, however, shows that the agreements of counsel, whatever they may have been, were not reduced to writing, nor was there in fact an agreement to continue the cause. Negotiations were had between the attorneys respecting the continuance, but they were not of such a character that the courts can recognize them, or upon which either attorney had a right to rely. More than that, when the board resumed the hearing of the case at the appointed time, there was no application for a continuance, nor any showing made of the misunderstanding which had arisen with reference to a further continuance of the cause. The application for a continuance should have been presented to the arbitrators by the plaintiff in error, and having failed to make such application, it is now too late to raise objection.

The court permitted an amendment to the plaintiff's petition or statement of his claim, so as to correspond with the award made by the arbitrators. Although an objection is made to this ruling, the practice is permissible.

The judgment of the district court will be affirmed.

All the Justices concurring.