JOHN W. RUSSELL v. MARY E. SEERY, *as Administratrix of the last will of James Seery, deceased.*

1. ARBITRATION — *Setting Aside Award.* Awards of arbitrators made in pursuance to the statute are to be liberally construed, and should not be set aside upon any grounds other than those named in the statute.

2. —————— *No Ground to Set Aside.* Error of judgment by arbitrators as to the effect or weight of evidence is not a ground for setting aside an award.

3. ARBITRATORS AND WITNESSES, *Not Sworn.* Where the contending parties expressly agree that no oaths shall be administered to arbitrators, and that the testimony of witnesses unsworn shall be received, neither of them will be allowed to make the omission to administer oaths to arbitrators and witnesses a ground of objection to the award, after a result adverse to him has been reached.

*Error from Shawnee District Court.*

ARBITRATION proceedings between *John W. Russell* and *Mary E. Seery*, as administratrix of the estate of James Seery, deceased. From a judgment setting aside the award filed, *Russell* brings error. Further facts are stated in the opinion.

*Jas. H. Guy*, and *A. M. Thomas*, for plaintiff in error.
*Thos. H. Bain*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: James Seery and wife conveyed a tract of land to John W. Russell by warranty deed, which was described by metes and bounds. The width of the tract as described in the deed was 20 rods and 63 links, whereas the width of the tract actually owned by Seery was $20\frac{63}{100}$ rods, and this latter description was shown by the abstract of title which was furnished by Seery. By the conveyance, Seery undertook to convey more land than he actually owned, and Russell claimed damages from Seery upon this ground. Being unable to agree, they submitted the controversy to the arbitration of three persons mutually agreed upon by them,

and stipulated that the award of the. arbitrators should be made a rule of the district court; and it was stated that all matters in controversy between them regarding the boundaries or description of the land should be submitted to and determined by the arbitrators. In pursuance of this agreement, a hearing was had before the arbitrators, both parties being present with their witnesses, following which a majority of them found in favor of Russell, awarding him the sum of $600, upon receipt of which Russell and wife were to reconvey to Seery by quitclaim deed the tract or piece of land included in Seery's deed, and which was not owned by him. The award further provided that the expenses of arbitration should be paid equally by the parties. Seery refused to comply with the award, when it was filed in the district court by Russell, who asked for the entry of judgment thereon. Seery thereupon moved to set aside the award upon several grounds: First, that neither the arbitrators nor witnesses were under oath during the hearing; second, on account of excess of authority by the arbitrators in ordering a deed made by Russell and wife to Seery; third, on account of excessive damages, given under the influence of prejudice and through fraud and partiality; and, fourth, that the award was not sustained by sufficient evidence and was contrary to law. The court sustained the motion, and upon the ruling error is assigned.

The record does not disclose upon what ground the motion was sustained, and none of those assigned appear to be sufficient to justify the setting aside of the award. To avoid the formalities and fixed rules of law, the parties chose to arbitrate their controversy before a tribunal selected by themselves. The submission was general and comprehensive, and the award, although it may not meet the approbation of the court, is final and conclusive, unless it is subject to some of the objections named in the statute. (Gen. Stat. of 1889, ¶ 329.) It is provided that if any legal defects appear in the award or proceedings, or if it is made to appear that the award was obtained by fraud, corruption, or other undue means, or that

47—52 KAS.

there was misconduct on the part of the arbitrators, the award may be set aside. In reviewing the proceedings, no legal defects were shown. It does not appear that any of the arbitrators or witnesses were under oath during the hearing, but the uncontradicted testimony is that Seery and his counsel were present at the commencement of the proceedings and expressly stated that they did not desire that the arbitrators or witnesses should be sworn, and thereupon it was agreed between the parties that the testimony of the witnesses and the report of the arbitrators were to be accepted the same as though they had been sworn. Although the statute provides for the administration of an oath, it not such an imperative provision as will prevent the parties from waiving the formality of an oath if they see fit. Both parties having expressly agreed that the testimony of witnesses unsworn should be received, and that no oaths should be administered to the arbitrators, neither should be allowed to make it a ground of objection after a result adverse to him has been reached. ( *Weir v. West,* 27 Kas. 650; *Anderson v. Burchett,* 48 id. 153; Morse, Arb. 133.)

There was no testimony before the court tending to show misbehavior on the part of the arbitrators, nor that the award was obtained by fraud, corruption, or other undue means. Some testimony was produced as to the character of the evidence that was submitted to the arbitrators. It was a meager statement, however, composed mostly of conclusions, and did not purport to be all the testimony that was given. From this evidence, the court might have reached a different conclusion than was reached by the arbitrators; but to warrant the court in reviewing an award upon the merits, something more than mere error in their judgment of what is proved by the evidence must be shown. Awards are to be liberally construed, and should never be set aside as contrary to the evidence unless it appears that there was no evidence to support them. From the evidence which was preserved, it might seem that the award was hardly warranted by the testimony,

A. T. & S. F. Rld. Co. v. Davidson.

and was liberal in amount; but this was not a subject for review by the court, and it is not such as to evince fraud, partiality or prejudice on the part of the arbitrators.

Another objection is, that there was an excess of authority on the part of the arbitrators in ordering a reconveyance by Russell and wife to Seery of that part of the land in controversy which had never belonged to either party. This is an immaterial matter which does not in any degree injure or prejudice the complaining party. There might be some ground for Russell to object to the trouble and expense of making a conveyance of this land to which neither had any title, but he is not complaining, and certainly Seery has no cause to complain of the return of what he had given to Russell, although it was of no consequence. It follows that the order of the court in setting aside the award must be reversed, and the cause remanded for further proceedings.

All the Justices concurring.