MRS. A. K. ROSS *et al.*, *a Partnership, etc., Appellees*, v. THE GERMAN ALLIANCE INSURANCE COMPANY OF NEW YORK, *Appellant*.

No. 17,327.

OPINION DENYING A REHEARING.

HEADNOTE BY THE REPORTER.

INSURANCE—*Arbitration—Setting Aside Award—Conflicting Evidence*. The evidence reëxamined and held that where the evidence is conflicting a finding of the trial court upon which the award was held invalid will not be set aside.

Appeal from Crawford district court. Opinion filed January 16, 1912. Rehearing denied. (For original opinion, see *ante*, p. 145.)

Ross v. Insurance Co.

*E. S. Quinton, F. B. Wheeler,* and *Fyke & Snider,* for the appellant.

*O. T. Boaz,* and *L. W. Johnson,* for the appellees.

*Per Curiam:*   In a petition for a rehearing it is stated that all three of the arbitrators testified to an agreement by Anderson and Potts to call in the umpire, but the abstracts show that Anderson testified that Potts called in the umpire and that he (Anderson) thought the umpire was out of place—that he was supposed to act only in case of difference.   It is true that Potts testified that "We," probably meaning himself and Anderson, called in the umpire, and the umpire testified that his memory was not clear but he thought that both the appraisers called for him.   Thus it appears that the testimony was conflicting upon this matter.   Again it is said that the evidence shows that Anderson quit because of the meddlesome conduct of Mrs. Ross, and testimony is referred to purporting to relate statements made by him to that effect, but Anderson himself testified to other reasons as stated in the opinion. Here again there was a conflict in the evidence and the district court must have believed that which supports the findings.

Other matters referred to in the petition for a rehearing have been carefully considered and the petition is overruled.