No. 18,959.

W. A. KIRKHAM, *Appellee*, v. THE GERMAN AMERICAN
INSURANCE COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. INSURANCE—*Arbitration and Award—Misconduct of Arbitrators—Award Set Aside.* An arbitration and award of the
loss suffered by the owner of insured property on account of
a fire may be set aside or disregarded upon a showing of a
refusal to consider a material portion of the property lost or
damaged, an intent to make the award so low that the insurer would not object, a requirement of the appraisers, acceded to, that the umpire confine his estimates within the
limits fixed by them, and an allowance of less than half the
loss, which allowance the insured notified the arbitrators in
advance he would repudiate.

2. SAME—*Independent Judgment of Each Arbitrator Required.*
An agreement that the appraisers should submit their differences to the umpire means that upon their failure to agree
upon certain items such items should be submitted to him
for his independent judgment, the parties to an arbitration
being entitled to the judgment of each arbitrator acting in
the matter.

Appeal from Leavenworth district court; JAMES H.
WENDORFF, judge. Opinion filed July 7, 1914. Affirmed.

*M. A. Fyke, E. L. Snyder* and *J. S. Brooks,* all of
Kansas City, Mo., for the appellant.

*Lee Bond,* and *M. N. McNaughton,* both of Leavenworth, for the appellee.

The opinion of the court was delivered by

WEST, J.: Plaintiff's stock of jewelry was damaged
by fire, and after some negotiations with the defendant
a written agreement was made to submit the amount
of the loss to arbitration. Each party chose an appraiser and the two appraisers chose an umpire. The
award in writing of any two was to determine the loss
and be binding. An award was made in the sum of

$863.35, signed by the umpire and the appraiser chosen by the company, and the plaintiff, not accepting this, sued to recover $2000 and attorney's fees, and in reply to an answer setting up the award alleged that the company's appraiser and the umpire acted arbitrarily, unjustly and unfairly, and that long before the appraisement was completed the plaintiff repudiated the same and refused to be bound by it, and that the award was unjust, unfair, wholly insufficient and much less than the damages actually sustained, and was procured by the defendant through fraud and collusion and undue means and influences. The cause was tried by the court, a general judgment rendered in favor of the plaintiff for the amount sued for, and the defendant appeals.

There was considerable testimony indicating that the award was less than the damages sustained; that certain property lost or damaged, which was not mentioned in the original proofs of loss, was left out of consideration, the judgment of the court indicating that the award was less than fifty per cent of the loss sustained. There was also testimony tending to show unfairness and arbitrary conduct on the part of the company's appraiser and the umpire, and the real question is whether, in view of this testimony and the general finding of the court, the judgment should be set aside as a matter of law.

The defendant well argues that arbitration is a convenient, domestic method of settlement chosen by those interested and the courts will not interfere when one of the parties has sought to watch the work of the appraisers, accept if satisfactory and repudiate if not, nor when the only ground is that the award is less than a court or jury might deem proper, and this position is sustained by principle and by authority. But if the arbitrators refuse to consider a material portion of the property lost or damaged and intend arbitrarily to make an award so low that the insurer will not object, require the umpire to place his estimates between the

limits fixed by the two appraisers, and return an award
of less than one-half the loss, neither the insured nor
the courts are bound by the result.  There is testimony
tending to show that this course was pursued in this
instance, and while the showing is not as strong as it
might be still it was sufficient to convince the trial
court whose decision can not be said to have lacked
evidence to support it.

The sum allowed on tools and machinery was in ex-
cess of the total insurance thereon, and hence the plain-
tiff was not harmed by such allowance.

It is suggested that as the agreement provided that
the appraisers should submit to the umpire their "dif-
ferences" it was entirely proper for him to confine his
estimates within the limits fixed by them.  We think,
however, that "differences" as here used means mat-
ters about which they were unable to agree, and that
when he was called upon to fix a sum he acted as a
juror and was to exercise his own untrammeled judg-
ment.  In *Luther v. Medbury,* 18 R. I. 141, 49 Am. St.
Rep. 753, instead of choosing a third the two arbitra-
tors added their estimates and divided by two, and this
was held to avoid the award, the court saying that the
parties to a submission are entitled to the judgment of
the arbitrators.

The situation presented is somewhat similar to that
in *Ross v. Insurance Co.,* 86 Kan. 145, 119 Pac. 366,
except that there the insured whose appraiser had
withdrawn made no objection to the appraisal going
on and did not declare her intention to ignore it, but
appeared before the other two and tried to secure bet-
ter allowances than they were making.  That awards
may be set aside for reasons similar to those advanced
here has been decided in *Russell v. Seery,* 52 Kan. 736,
35 Pac. 812 (statutory award) ; indicated in *Insurance
Co. v. Payne,* 57 Kan. 291, 46 Pac. 315, and held in the
Ross case already cited, a rehearing being denied (86
Kan. 352, 119 Pac. 1126.)

The plaintiff testified that after discovering the methods pursued he accused the umpire and the company's appraiser of bad faith and notified them that he would not be bound by the award. While there was other evidence indicating that he was over-officious and greedy and finally refused to accept the result merely because dissatisfied with the sum awarded, this was all for the court to weigh and determine and it is not our province to change the result.

The judgment is affirmed.