564

No. 28,494.

A. W. Marshall, *Appellee*, v. The American Alliance Insurance Company, *Appellant.*

(274 Pac. 243.)

Opinion filed February 9, 1929.

*L. A. Hasty, Robert R. Hasty* and *George E. Hasty,* all of Wichita, for the appellant.

*Willard M. Glasco* and *Harry G. Carlson,* both of Wichita, for the appellee.

The opinion of the court was delivered by

Hutchison, J.: This is an action on a fire insurance policy by the owner of the building to set aside the award of the appraisers and umpire and recover from the defendant insurance company for the loss sustained. The jury answered many special questions as to the appraisement and award and some as to the extent of the loss, and returned a verdict for plaintiff for $1,019.90 with interest. The court, after overruling motion for new trial and other motions, rendered judgment for plaintiff accordingly, together with an attorney fee of $600, from which judgment the defendant appeals.

The appellant complains of the failure of the trial court to sustain its motion to strike out of the amended petition certain parts referring largely to occurrences leading up to the agreement for appraisement. The court did sustain the motion as to five such parts, but overruled it as to others. The theory of the appellant in this respect is correct, and the trial court followed it generally, but did not follow it where a different purpose could reasonably be attributed to the clauses attacked, viz., irregularity, unfairness and dishonest method in the selection of the appraisers and umpire, which are features to be considered in the attempt of the plaintiff to set aside the award. These clauses have to do with the competency of the arbitrators and umpire and such matters as might disqualify them if the statements were proved to be true. (*Anderson v. Burchett,* 48 Kan. 153, 29 Pac. 315.) We think the court sustained the motion to strike out parts of the petition as far as it was prudent and safe to go.

The trial court overruled the defendant's objection to the introduction of certain testimony as incompetent and defendant's demurrer to the evidence of the plaintiff, and in its brief the appellant argues these two points together, presenting the well-recognized precedent that an award of appraisers is supported by every reasonable intendment and presumption, and that it will not be vacated or set aside unless it clearly appears that it was made without authority or was the result of fraud, mistake, misfeasance or malfeasance of the appraisers (26 C. J. 424). Unless there was evidence to support such findings the award must stand and the demurrer should have been sustained.

Our attention is directed to words and conduct of the plaintiff, some of which appeared unreasonable and full of feeling, which may in a measure have provoked remarks from the appraisers and umpire, but for the purpose of the demurrer to the evidence the uniform rule must be followed by the trial court and this court that if there is any evidence on each of the essential elements of the petition the demurrer must be overruled.

"A demurrer to the evidence of plaintiff should not be sustained unless the court is able to say that, admitting every fact that is proven which is favorable to the plaintiff, and admitting every fact that the jury might fairly and logically infer from the evidence favorable to the plaintiff, still, the plaintiff has failed to make out some one or more of the material facts of his case." (*Rowan v. Rosenthal,* 113 Kan. 604, syl. ¶ 2, 215 Pac. 1008.)

The objection to the introduction of certain testimony claimed to be incompetent is in connection with the effort to set aside the award, one of the most serious objections being to that of the plaintiff, where he testified as to an estimate having been made by the defendant's agent in the sum of $1,300. The attitude and effort of the witness was wrong, but the court protected the defendant as far as possible by limiting its purpose by a specific and immediate instruction to the jury. The trial court scrupulously guarded against this estimate of loss being considered an offer of compromise or settlement, and did everything required in such a case to prevent the jury from using the evidence for an improper purpose. A careful reading of the briefs and abstracts shows that most of the objectionable part of such testimony had reference to the alleged unfairness of the appraisers and umpire and the alleged unfair and objectionable methods pursued by them in making the appraisement and award. Such evidence was competent for the plaintiff in his endeavor to set aside the award, which was one of the two features of his side of the case.

Serious objection is made to the questions and answers which attempt to show replacement cost without deduction for depreciation. We note that the policy in this case stipulates that in making such estimates depreciation must be deducted from actual cash value, which in no event should exceed the cost to replace the same, and again it stipulates that the company has an option to repair, rebuild or replace the property lost or damaged and does not mention a deduction in that connection for depreciation. Replacement of a total loss might require a deduction for depreciation, because the owner in that event would have an entirely new building for the old one that was destroyed, but a replacement in case of repairs for partial loss will have reference to the condition and value at the time of the fire and will be the amount necessary to put the property in the same condition it was when the loss occurred. If it was a twenty-year-old building when the fire damaged it, the expense of putting it back in the same condition it was in at the time of the fire would be less than it would have been if it had just been erected. The two cases cited in this connection make this distinction. (*Moulton et al. v. Globe Mut. Ins. Co.*, 36 S. D. 339; *Security Ins. Co. v. Kelly* [Tex. Civ. App.], 196 S. W. 874.)

The answers of the jury to some of the special questions are justly criticized—one of them was even outside of the issues—but they are

not inconsistent with the general verdict, and under such circumstances should stand.

"It is error for a court to set aside a general verdict and enter judgment on the special findings, unless the special findings compel such action. Where it is possible to harmonize the special findings with the general verdict the latter is controlling." (*Osburn v. Railway Co.*, 75 Kan. 746, syl., 90 Pac. 289. See, also, *Lewellen v. Gas Co.*, 85 Kan. 117, 116 Pac. 221.)

The answer of the jury to one question shows that the appraisers and umpire failed to consider some of the damaged property, enumerating it. Appellant shows by the list furnished by the appraisers some of these articles were considered, but they were not all in such list, and there is evidence to support several of the articles enumerated. This is one of the grounds mentioned in former decisions for showing possible unfairness of the appraisers and umpire. Another of such grounds is a wide discrepancy between the amount of the award, $439.76, and the finding of the jury, $1,019.90. We have not attempted to state or discuss the evidence of the plaintiff as to apparent interest of one appraiser and the umpire and the apparent attitude they showed toward the plaintiff and his interests. It is sufficient to say there is evidence enough to support most of the findings in this regard and to bring this case within the rule of former Kansas cases where awards of this kind have been set aside.

"Upon an examination of the evidence tending to show misconduct on the part of the arbitrator appointed by the defendant, his long-continued services in such business for this and other insurance companies, the great difference between the amount awarded and the actual loss as found by the court upon the trial, the refusal to examine part of the goods remaining after the fire, and the attendant circumstances, it is held that a finding of the district court upon which the award was· held invalid cannot be set aside." (*Ross v. Insurance Co.*, 86 Kan. 145, syl. ¶ 2, 119 Pac. 366.)

"An arbitration and award of the loss suffered by the owner of insured property on account of a fire may be set aside or disregarded upon a showing of a refusal to consider a material portion of the property lost or damaged." (*Kirkham v. Insurance Co.*, 92 Kan. 941, syl. ¶ 1, 141 Pac. 1012.)

"An appraisement made under a policy of fire insurance to ascertain the amount of damage to the property caused by fire is not binding on the assured where the appraisers failed to ascertain the damage to all the property covered by the policy and described in the contract submitting the matter to them." (*Graff v. Insurance Co.*, 107 Kan. 648, syl. ¶ 1, 193 Pac. 356.)

We think this case comes well within the rules announced in the cases above cited and we find no reversible error in the trial of it.

The judgment is affirmed.